**Alvin HILL, Petitioner–Appellee Cross–Appellant,**

v.

**Lee Roy BLACK, Commissioner, Mississippi Department of Corrections, et al., Respondents–Appellants Cross–Appellees.**

No. 87–4922.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1989.

Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellants cross-appellees.

James P. Kreindler, Daniel M. Kolko, New York City, Percy Stanfield, Jackson, Miss., James W. Craig, Miss., Capital Defense Res., Jackson, Miss., for petitioner-appellee cross-appellant.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

Before CLARK, Chief Judge,
POLITZ and GARWOOD, Circuit
Judges.

PER CURIAM:

On petition for panel rehearing, Hill raises an argument which was directed to this court in a supplement to his appellate brief. Our previous opinion did not address the issue. Because Hill's claim is at least colorable, we now supplement our previous opinion.

In the sentencing phase of Hill's trial for capital murder, the jury was instructed as follows:

Consider the following elements of aggravation in determining whether the death penalty should be imposed:

1.) The capital offense was committed while the Defendant was engaged in the commission of robbery.

2.) The capital offense was committed for pecuniary gain.

3.) The Defendant was previously convicted of a felony involving the use or threat of violence to the person.

4.) The capital offense was especially heinous, atrocious or cruel.

In sentencing Hill to death, the jury expressly found each of these aggravating factors to be present. Hill now contends that because the Supreme Court held in *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that the "especially heinous, atrocious or cruel" aggravating circumstance language is unconstitutionally vague and because his jury was allowed to balance this circumstance against the mitigating circumstances, his death sentence should be reversed. We disagree.

The Mississippi death penalty statute requires that a jury find beyond a reasonable doubt at least one statutory aggravating circumstance before it can impose the death penalty. MISS.CODE ANN. § 99–19–101 (Supp.1989). The Mississippi Supreme Court has determined that a death penalty which is imposed after a jury finding of multiple aggravating circumstances is not automatically invalidated when one of those aggravating circumstances is later abrogated. The sentence remains intact as long as at least one aggravating circumstance "was properly presented for the jury's consideration." *Edwards v. State*, 441 So.2d 84, 92 (Miss. 1983). This construction of the Mississippi statute differs from that given the Oklahoma statute by its Supreme Court. *See Maynard v. Cartwright*, 108 S.Ct. at 1860, *Edwards v. Scroggy*, 849 F.2d 204, 211 n. 7 (5th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1328, 103 L.Ed.2d 597 (1989)..

In *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), the Supreme Court held that the facts of a case may require reversal of the death penalty when an aggravating circumstance is invalidated even though other, permissible aggravating circumstances were found. In *Johnson* the defendant was convicted of capital murder and sentenced to death. The jury based the sentence on the existence of three aggravating circumstances, one of which was a prior violent felony conviction in New York. When the New York conviction was subsequently reversed, Johnson applied for post-conviction review. The Mississippi Supreme Court denied Johnson's motion. On certiorari, the State argued that even if the New York conviction was now an inadequate basis for the imposition of the death penalty, the finding by the jury of the other two aggravating circumstances supported the sentence. The Supreme Court reversed, stating: "the error here extended beyond the mere invalidation of an aggravating circumstance supported by evidence that was otherwise admissible. Here the jury was allowed to consider evidence that has been revealed to be materially inaccurate [an authenticated copy of Johnson's New York commitment order for the previous felony]." *Johnson*, 108 S.Ct. at 1989.

Subsequent to *Johnson*, this court decided *Stringer v. Jackson*, 862 F.2d 1108 (5th Cir.1988). In that case we stated:

The Supreme Court, in *Maynard*, determined that the "especially heinous, atrocious, or cruel" aggravating circumstance, when submitted for the jury's consideration without a limiting instruction, is unconstitutionally overbroad. The facts of this case do not, however, require that Stringer's death sentence be vacated. The jury found that two other aggravating circumstances existed as well. This satisfies any constitutional concerns and adequately channels the jury's discretion. When the jury's discretion in sentencing is narrowed by its finding of appropriate aggravating factors, there should be no objection to the jury considering the heinousness of the crime—even though heinousness, as defined or even under the facts, would not alone have narrowed the jury's discretion so as to satisfy Eighth Amendment requirements. Contrast the case of *Johnson v. Mississippi*, where evidence supporting the invalidated aggravating circumstance was inadmissible and prejudicial.

*Stringer*, 862 F.2d at 1114–15 (citations omitted). *Stringer* makes clear that the presentation of proof of the manner in which a murder is committed does not detract from the adequate guidance and direction given to the jury's deliberations by the requirement that they must find other constitutional aggravating factors. *Id.* These additional factors were presented to Hill's jury through judicial instructions, and the finding that those factors exist demonstrates a "principled way to distinguish this case, in which the death penalty was imposed, from the many cases in which it was not." *Godfrey v. Georgia*, 446 U.S. 420, 433, 100 S.Ct. 1759, 1767, 64 L.Ed.2d 398 (1980). Thus, evidence presented to

Hill's jury in support of the "especially heinous, atrocious or cruel" aggravating circumstance, when viewed in context with the jury's finding of three other statutory aggravating circumstances, does no violence to the concern expressed in *Maynard* that the jury's verdict could be the product of "unfettered discretion." *Maynard v. Cartwright*, 108 S.Ct. at 1859.

■■■ *Johnson* does not change this analysis. Photographs of the corpse of Hill's victim which were shown to the jury during the sentencing phase of Hill's trial had previously been shown to the jury during the guilt phase of the trial to establish the *corpus delicti*. Hill does not contest the admission of those pictures into evidence during the guilt phase. Instead, he contends that the trial judge erroneously admitted this evidence during the sentencing phase only because it was relevant to the "especially heinous, atrocious or cruel" aggravating factor. The sentence returned by the jury, he argues, should be vacated as based in part on inadmissible evidence which was weighed against mitigating factors in fixing the death penalty. Hill's argument would be well taken if we decided here, as the Court did in *Johnson*, that inadmissible and prejudicial evidence had been put before and possibly utilized by the jury. The "especially heinous, atrocious and cruel" factor was put before Hill's jury along with the photographs to which he now objects. Both the factor and the proof were presented within the context of other mitigating factors which served to properly guide the jury's discretion. The proof adduced relevant to the "heinous" factor was properly presented to Hill's jury, even though the factor itself may be considered improper.[1] Therefore, the concerns which

---

1. The trial transcript reveals that Hill's attorney moved to exclude the photographs from the sentencing phase on the ground that the evidence would serve no purpose but to inflame the emotions of the jury. The state responded with two arguments: (1) the photographs were relevant to the "especially heinous, atrocious or cruel" aggravating factor; (2) the photographs were admissible under Supreme Court precedent which allows the reintroduction during the sentencing phase of all evidence admitted during the guilt phase. The counsel for Hill made no further objection to the admission of the photographs or to the submission to the jury of the "especially heinous, atrocious or cruel" factor. The trial judge ruled that the photographs were admissible "under the law." We agree with the trial judge that the photographs were admissible to bring the nature of the crime to the sentencing jury's attention and thus to channel their discretion. They are graphic evidence of the sort of murder committed. A defendant suffers no undue prejudice when true details of his crime are rendered to the jury

controlled *Johnson* and *Maynard* are not present here.

Hill's petition for panel rehearing is DE-NIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.

considering his punishment. *See Leatherwood v. State,* 435 So.2d 645, 655 (Miss.1983), *cert. denied,* 465 U.S. 1084, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984) ("We have repeatedly held that the

competency, relevancy and materiality of photographs are solely within the discretion of the trial judge who will determine their evidentiary purpose and value.")