James R. STRINGER,
Petitioner-Appellant,

v.

Charles J. JACKSON, Interim Commissioner, Mississippi Department of Corrections, et al., Respondents–Appellees.

No. 88–4126.

United States Court of Appeals,
Fifth Circuit.

July 30, 1990.

Rehearing and Rehearing En Banc
Denied Sept. 10, 1990.

James E. Ostgard, Minneapolis, Minn. (court-appointed), Kenneth J. Rose, Durham, N.C. (court-appointed), Dennis Sweet, Jackson, Miss. (court-appointed), for petitioner-appellant.

Marvin L. White, Jr., Felicia C. Adams, Asst. Attys. Gen., Jackson, Miss., for respondents-appellees.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

This cause has been remanded to us by the Supreme Court for reconsideration in light of *Clemons v. Mississippi,* 494 U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). The problem corresponds to the issue treated in *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The Attorney General of Mississippi objects to our application of these two cases here on the ground that Stringer's conviction was final prior to either decision, and therefore any claim on that ground is barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). That objection is well taken.

Stringer's conviction was final on February 19, 1985 when the Supreme Court denied his petition for writ of certiorari directed at his conviction and sentence.

*Stringer v. Mississippi,* 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). A panel of the Fifth Circuit has recently held that claims raised under *Clemons* and *Maynard* are not available to a habeas petitioner whose conviction was final prior to these decisions, because they constitute a new rule of law under *Teague. Smith v. Black,* 904 F.2d 950, (5th Cir.1990).

We therefore reinstate our previous judgment. *Stringer v. Jackson,* 862 F.2d 1108 (5th Cir.1988). The judgment of the district court denying the writ is AFFIRMED.