Alvin HILL, Petitioner–Appellee,
Cross–Appellant,

v.

Lee Roy BLACK, Commissioner Missis-
sippi Department of Corrections, et al.,
Respondents–Appellants, Cross–Appel-
lees.

No. 87–4922.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1990.

Marvin L. White, Jr., Sp. Asst. Atty.
Gen., Jackson, Miss., for respondents-appel-
lants, cross-appellees.

James P. Kreindler, Daniel M. Kolko,
New York City, Percy Stanfield, James W.
Craig, Jackson, Miss., for petitioner-appel-
lee, cross-appellant.

Before CLARK, Chief Judge, POLITZ
and GARWOOD, Circuit Judges.

On Remand from the Supreme Court of the United States

BY THE COURT:

## I.

This cause has been remanded to us by the Supreme Court — U.S. —, 111 S.Ct. 28, 112 L.Ed.2d 6 for further consideration in light of *Clemons v. Mississippi*, 494 U.S. —, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).

## II.

On remand, Petitioner Hill urges us to apply *Clemons* to affirm his petition. In addition, he asserts a claim, previously unaddressed by this court, that the state trial court erred in refusing to charge the jury on lesser included offenses.

### A. *Clemons*

■ Hill asserts that *Clemons* is fully applicable to his case and requires us to affirm his petition for a writ of habeas corpus. The Attorney General of the State of Mississippi argues that the precedent of this Circuit forecloses the application of *Clemons* to this case. The Attorney General is correct.

Panels of the Fifth Circuit twice have ruled that the Supreme Court's decision in *Clemons* constitutes a new rule of law under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and thus is not available to a habeas petitioner whose conviction is final prior to this decision. *Stringer v. Jackson*, 909 F.2d 111 (5th Cir.1990); *Smith v. Black*, 904 F.2d 950 (5th Cir.1990). Hill's conviction was final on November 7, 1984 when a petition for a writ of certiorari regarding his conviction and sentence was denied by the Supreme Court. *Hill v. Mississippi*, 464 U.S. 977, 104 S.Ct. 414, 78 L.Ed.2d 352 (1983). The Court announced its decision in *Clemons* over five years after Hill's conviction became final. *Clemons* is not applicable in this case.

### B. Lesser Included Offense Instruction

#### 1. *Background*

■ Hill urges us to consider his claim that the trial court's refusal to instruct the jury in the guilt phase of his trial that it could convict him of the lesser included offenses of simple murder or manslaughter. He asserts this failure violated the eighth amendment and the due process clause of the fourteenth amendment. *See Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Hill raised this claim in his habeas corpus petition to the district court. That court ruled the claim required an application of State statutory law and was not the proper basis of federal habeas relief. *Hill v. Thigpen*, 667 F.Supp. 314, 319 (N.D.Miss.1987). Hill did not assert that this ruling was in error in his initial brief to this court. Before his appeal was considered, this court ruled, in *Cordova v. Lynaugh*, 838 F.2d 764 (5th Cir.1988), that due process and the eighth amendment require that the jury in a capital case "must be allowed to consider a lesser noncapital offense if the jury could rationally acquit on the capital offense and convict for the noncapital crime." 838 F.2d at 767. Hill moved this court to allow him to amend his brief to allege constitutional error under *Cordova*. That motion was granted. However, in our original opinion we did not address this claim. *Hill v. Black*, 887 F.2d 513 (5th Cir.1989). Hill filed a Petition for Rehearing and Hearing En Banc, but did not mention this issue. *Hill v. Black*, 891 F.2d 89 (5th Cir.1989). In his present request that we rule on the issue, Hill points out that the entire judgment was vacated by the Supreme Court's order and thus this court has the power to consider issues beyond the Supreme Court's specific mandate on remand. *See Moore v. Zant*, 885 F.2d 1497, 1503 (11th Cir.1989). Hill's point is well taken and we now address his claim.

#### 2. *Proceedings*

In the guilt phase of his trial, Hill requested that the jury be instructed on the lesser included offenses of simple murder and manslaughter. The trial court refused

251

to give these instructions. Hill asserts that this refusal constitutes reversible constitutional error under *Beck* and *Cordova*. He is mistaken.

In order for a defendant in a capital trial to be constitutionally entitled to instruction on a lesser included offense, he must show that a "rational juror, given all the facts, [could acquit him] of capital murder and [convict] him of a lesser included offense." *Cordova*, 838 F.2d at 767 (5th Cir.1988). This necessarily requires a showing that the facts of the case and the laws of the State warrant such an instruction. In *Cordova*, this court examined the Texas statutory penalty scheme for murder and considered the facts of that case to conclude that a rational juror could have acquitted the defendant of capital murder and convicted him of a lesser charge. *Cordova*, 838 F.2d at 768–70. In this case such an examination is unnecessary since the Mississippi supreme court has examined the facts and State law on direct appeal and determined that Hill could not rationally have been convicted of a lesser included offense. We set forth the Mississippi court's consideration of the issue:

Instructions D–9 and D–10 would have authorized the jury to convict Hill of murder or manslaughter. Instruction D–8–A gives the form of verdict for such lesser included offenses.

The circuit judge refused these instructions. No error was committed by the trial judge's refusal to grant these instructions.

The testimony of Gregory Tucker made out a case of a planned and preconceived robbery by Hill, Milam, and himself, in which Hill was leader and chief actor.

After hijacking the truck, Hill marched Watkins off into the edge of the woods where his body was later found, and shot him in the back of the head. Tucker heard several shots. As Hill was taking Watkins from the truck to the woods, Tucker heard Watkins begging for his life.

Counsel now argues the robbery took place before the murder. Of course, the record reveals the murder took place during the execution of the robbery. Furthermore, as we stated in *Pickle v. State*, 345 So.2d 623 (Miss.1977):

If the crime of capital murder could not be sustained unless the homicide occurred during the actual attack upon a victim or during the actual burglary, kidnapping, arson or robbery, such could be an inducement for an assailant to kill his victim after the commission of the first crime in order to silence her/him as a witness. The rule stated in the foregoing cases is the more reasonable, and we hold that where the two crimes are connected in a chain of events and occur as part of the res gestae, the crime of capital murder is sustained. *Id.* at 626–27.

*Hill v. State*, 432 So.2d 427, 441 (Miss. 1983).

We find no factual or legal error in the Mississippi court's analyses which are fully supported by the adequate record in this case. 28 U.S.C. § 2254(d). There was no constitutional error in the state trial court's denial of lesser included offense instructions.

III.

We reinstate our previous judgment. *Hill v. Black*, 887 F.2d 513, *reh. and sugg. reh. en banc den.*, 891 F.2d 89 (5th Cir. 1989). Hill's petition for a writ of habeas corpus is DENIED.