Alvin HILL, Petitioner–Appellee Cross–Appellant,

v.

Lee Roy BLACK, Commissioner, Mississippi Department of Corrections, et al., Respondents–Appellants Cross–Appellees.

No. 87–4922.

United States Court of Appeals, Fifth Circuit.

May 20, 1991.

---

Marvin L. White, Jr., Asst. Atty. Gen., Jackson, Miss., for respondents-appellants cross-appellees.

James P. Kreindler, Daniel M. Kolko, New York City, Percy Stanfield, James W. Craig, Mississippi Capital Defense Res. Cntr., Jackson, Miss., for petitioner-appellee cross-appellant.

Before CLARK, Chief Judge, POLITZ and GARWOOD, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion December 14, 1990, 5th Cir., 920 F.2d 249)

CLARK, Chief Judge:

On petition for panel rehearing and suggestion for rehearing en banc Alvin Hill raises two claims which require discussion. First, he claims that the Supreme Court has applied *Clemons v. Mississippi*, — U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), retroactively on collateral review and has impliedly overruled this circuit's determination that *Clemons* constitutes a "new rule" under the principles set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Second, Hill claims that this circuit's precedent requires us to conduct an independent analysis of the evidence and Mississippi law in determining whether he was entitled to a lesser included offense charge at the sentencing phase of his trial. We assume without deciding that *Clemons* is to be applied retroactively. However, application of *Clemons* does not entitle Hill to relief because he is procedurally barred from asserting his underlying eighth amendment claim. Hill's second claim is without merit. The petition and suggestion are denied.

### I.

Our opinion on remand from the Supreme Court held, following previous opinions in this circuit, that *Teague* barred the application of *Clemons* to Hill's case which was final prior to the announcement of

*Clemons* by the Court. *Hill v. Black*, 920 F.2d 249, 250 (5th Cir.1990) (citing *Stringer v. Jackson*, 909 F.2d 111 (5th Cir.1990), and *Smith v. Black*, 904 F.2d 950 (5th Cir. 1990)) [1]. Hill argues that the Supreme Court's application of *Clemons* to the petitioner's case in *Parker v. Dugger*, — U.S. ——, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991), has impliedly overruled this circuit's determination that *Clemons* is not to be applied retroactively.

In *Clemons*, the Supreme Court held that, in a "weighing" state such as Mississippi, a rule automatically affirming a death sentence when one or more valid aggravating factors remain after review, violates the defendant's right to individualized treatment under *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) and *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). *Clemons*, 110 S.Ct. at 1450. The *Clemons'* Court further concluded that when an aggravating factor which contributed to the jury's capital verdict is invalidated on appeal, the state appellate court need not remand for resentencing, but may instead reweigh the mitigating evidence and the remaining aggravating factors or conduct a harmless error analysis respecting the sentence. *Id.* at 1446–7. In announcing this rule the Court implicitly applied *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), to Mississippi's "especially heinous, atrocious or cruel" aggravating factor and concluded that the Mississippi factor, like the virtually identical Oklahoma factor at issue in *Maynard*, violated the eighth amendment.[2]

This court, in *Smith v. Black*, 904 F.2d 950 (5th Cir.1990), determined that the rule

---

1. This is the fourth opinion by this panel concerning Hill's instant habeas petition. In citing our previous opinions, we will refer to our original opinion, *Hill v. Black*, 887 F.2d 513 (5th Cir.1989), as *Hill I*, our original Denial of Rehearing and Hearing En Banc, 891 F.2d 89 (5th Cir.1989), as *Hill II*, and our opinion on remand from the Supreme Court, 920 F.2d 249 (5th Cir.1990), as *Hill III*.

2. As Justice Blackmun noted in the dissent to *Clemons:*

"Although the Court nowhere expressly states that the aggravating factor, as communicated to the jury, is unconstitutional, that assumption necessarily is implicit in the Court's opinion. If no trial-level error occurred, there would be no need for the Court to inquire whether the Mississippi Supreme Court had articulated a permissible basis for curing the error." *Clemons*, 110 S.Ct. at 1452, n. 1 (Blackmun, J. dissenting).

announced in *Clemons* was a new rule under *Teague*. On remand from the Supreme Court, this panel followed *Smith* and did not reconsider Hill's cause in light of *Clemons*. *Hill III*, 920 F.2d at 250. Hill now points to the Supreme Court's decision in *Parker* and argues that *Clemons* was applied retroactively to petitioner Parker and so should be applied in his case.

The Supreme Court recently granted certiorari on this issue in *Stringer v. Black*, — U.S. —, 111 S.Ct. 2009, 114 L.Ed.2d 97 (U.S.) (May 13, 1991). Because we ultimately determine that Hill is procedurally barred from raising a *Maynard* claim we need not examine this issue. It is this Circuit's practice of determining issues of retroactivity before reaching issues of procedural bar. *Smith*, 904 F.2d at 981–82. Consistent with this procedure, we assume without deciding that (1) *Clemons'* rule disallowing automatic affirmances in a weighing state when one or more aggravating factors remain after review, and (2) *Clemons'* application of *Maynard* to Mississippi's "especially heinous atrocious or cruel" aggravating factor, are to be applied retroactively. Proceeding on this assumption enables the court to dispose of the appeal without awaiting the outcome of *Stringer*. Since it is clear that, on the merits, Hill's eighth amendment claim is procedurally barred, postponing our decision would only delay the due administration of justice in this case.

## II.

■ Under our assumption that *Clemons* makes *Maynard* applicable to Hill's trial, we must determine the state's claim that he is procedurally barred. Hill first raised his *Maynard* claim in a supplemental brief when his case was initially before this panel. The state's reply urged that Hill was procedurally barred from raising the claim. We did not address this issue in our original opinion. *Hill I*, 887 F.2d 513 (5th Cir.1989). Hill again raised the issue in his first petition for rehearing to this court. In rejecting this claim, we again did not discuss the state's procedural bar defense. Instead, we distinguished *Maynard* on the basis of Mississippi's now invalid appellate practice of automatically affirming a death sentence when one or more valid aggravating factors remained after review. *Hill II*, 891 F.2d at 90. Because we denied the petition for rehearing on this ground, we did not request the State to respond. *Cf.* FED.R.APP.P. 40(a). In response to today's petition for rehearing, the State again urges procedural bar and points out that, had it been asked to respond to the initial petition for rehearing in this case, it consistently would have urged procedural bar at that time as it had done previously. The State has not waived the issue. We now must address it. *Cf. Mayo v. Lynaugh*, 893 F.2d 683 (5th Cir.1990).

■ Without showing good cause for the default and actual prejudice, a federal habeas corpus court may not review issues which are non-reviewable in state court due to the absence of a contemporaneous trial objection by the petitioner. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The state may invoke the bar only if the last reviewing state court addressing the federal claim explicitly states that relief is denied because of such procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1044, 103 L.Ed.2d 308 (1988). This holding must be a separate and independent basis for the state court's decision. *Id.* at n. 4. That is the only basis for the state court's holding in this case.

In Hill's first collateral review, the Mississippi Supreme Court unambiguously placed its ruling dismissing this claim on his by-pass:

> "Hill next claims that the trial court violated his rights under the [e]ighth and [f]ourteenth [a]mendments in allowing to be submitted to the jury as an aggravating circumstance Miss.Code Ann. § 99–19–101(5)(h) which provides as an aggravating circumstance that the offense was especially heinous, atrocious or cruel. No objection to this instruction appears in the trial record and the matter may not be raised for the first time here.

*In re Hill*, 460 So.2d 792, 800 (Miss.1984).

■ *Wainwright's* "good cause" requires a petitioner to show that some objec-

tive external factor impeded the defense counsel's ability to comply with the state's procedural rules or to show a prior determination of ineffective counsel. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). When a constitutional claim has not been firmly established, the default is excusable if the counsel had "no reasonable basis upon which to formulate a constitutional question." *Reed v. Ross*, 468 U.S. 1, 14–15, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984). Hill cannot make such a showing.

The Court's ruling in *Maynard* is based on the standards set forth in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). In *Godfrey*, the Court held unconstitutionally vague Georgia's similar aggravating factor, which allowed imposition of the death penalty if the murder was "outrageously or wantonly vile, horrible, or inhuman." In concluding that Oklahoma's "especially heinous, atrocious or cruel" aggravating factor was likewise unconstitutionally vague, the Court characterized the issue as "controlled" by *Godfrey*. *Maynard*, 108 S.Ct. at 1059. *Godfrey* itself springs from a line of cases dealing with claims of vagueness relating to aggravating factors. See *Gregg v. Georgia*, 428 U.S. 153, 189, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). We conclude, as did the Eighth Circuit in *Newlon v. Armontrout*, 885 F.2d 1328 (8th Cir.1989), that *Maynard* is simply an application of *Godfrey*, rather than a significant extension of it.

At the time of Hill's trial and his original appeal, *Godfrey* was established law and "various forms of the claim [Hill] now raises [concerning Mississippi's 'especially heinous, atrocious or cruel' aggravating factor] had been percolating in the lower courts for years." *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *see e.g. Johnson v. Thigpen*, 806 F.2d 1243 (5th Cir.1986). Vagueness claims relating to this aggravating factor are not new nor were they new at the time of Hill's trial.

■ Defense counsel's failure to object to the use of this aggravating factor at trial does not support a finding of ineffective assistance of counsel which will show good cause under *Wainwright*. "It will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established rule." *Smith v. Murray*, 477 U.S. at 536, 106 S.Ct. at 2667.

Hill argues that this court should ignore the procedural bar in this case since the Mississippi Supreme Court has not applied the bar to *Maynard* claims in two recent cases. See *Pinkney v. State*, 538 So.2d 329, 355 (Miss.1988); *Clemons v. State*, 535 So.2d 1354, 1362 (Miss.1988). We recognize that a procedural bar which is not consistently applied will not prevent federal review of a particular claim, *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). However, the Mississippi Supreme Court's examination of the merits of the *Maynard* issue on direct appeal in the cases Hill cites does not affect that Courts' established practice of applying a procedural bar when an issue is raised for the first time on collateral review. *Hill I* observed that the Mississippi Court has consistently applied its procedural bar rule and only occasionally declined to apply the bar as an "act of grace" or in cases of plain error. *Hill I*, 887 F.2d at 516. The Mississippi court's willingness to examine the *Maynard* issues in the direct appeal cases cited by Hill are such "acts of grace." This court has no authority to take such action for Mississippi. On Hill's collateral review the Mississippi Supreme Court clearly invoked the State's procedural bar procedure. That invocation precludes our review on the merits in this case.

### III.

■ Hill claims that this court erred on remand from the Supreme Court when it did not independently analyze his entitlement to a lesser included offense charge

under *Cordova v. Lynaugh,* 838 F.2d 764 (5th Cir.1988). He argues that *Micheaux v. Collins,* 911 F.2d 1083 (5th Cir.1990), requires us to conduct an independent analysis of both the law and the evidence supporting such a claim. He also argues that *Cordova* requires such analysis in this case. He is mistaken in part and, ultimately, the argument must fail.

In *Micheaux,* we held that mixed questions of law and fact are not subject to the 28 U.S.C. § 2254(d) presumption of correctness. *Micheaux,* 911 F.2d at 1087. The substantive issue in that case was the voluntariness of the petitioner's guilty plea—a claim based solely on the fifth and fourteenth amendments of the Constitution. On remand, we noted Hill's *Cordova* claim is necessarily dependent upon a showing that "the laws of the State [of Mississippi] warrant such an instruction." *Hill III,* 920 F.2d at 250. Where, as here, a claim turns on an application of state law rather than federal law, this court must give deference to the articulation by the state's highest court of how the state law applies to the facts of the case. This does not mean that we must accept the state's characterization of the facts without inquiry. Rather, this court must determine whether, under the law as set out by the state court, "a rational juror, given all the facts, could have acquitted [Hill] of capital murder and convicted him of a lesser included offense." *Cordova,* 838 F.2d at 764.

In *Cordova,* only conflicting circumstantial evidence was adduced to establish the victim's murder. *See id.* at 769–70. In this case direct evidence established that Hill murdered Watkins during or shortly after the hijacking of Watkins' truck. The Mississippi Supreme Court clearly stated that where the two crimes are connected only "the crime of capital murder is sustained" under Mississippi law. *Hill v. State,* 432 So.2d 427, 441 (Miss.1983). On the evidence presented to his jury, Hill was not entitled to a lesser included offense charge.

## IV.

As modified by this opinion, the Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.