IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 88-4790
_____

WILLIE ALBERT SMITH,

                          Petitioner-Appellant,

v.

LEE ROY BLACK, Commissioner, Mississippi
Department of Corrections, et al.,

                          Respondents-Appellees.

_____
Appeal from the United States District Court for the
               Southern District of Mississippi
_____
                     (August 20, 1992)

On Remand from the Supreme Court of the United States


Before POLITZ, Chief Judge, KING and SMITH, Circuit Judges.

KING, Circuit Judge:

     The United States Supreme Court has vacated the judgment in

this case and remanded for further consideration in light of

Stringer v. Black, --- U.S. ---, 112 S. Ct. 1130 (1992).  The

facts and procedural history are set forth in great detail in the

panel opinion, Smith v. Black, 904 F.2d 950 (5th Cir. 1990), and

we will repeat them here only as necessary for an understanding

of the issues presented on remand.


                        I. BACKGROUND

Smith was convicted of the murder of Shirley Roberts, the manager of a convenience store in Jackson, Mississippi.  The jury found three aggravating circumstances: the murder was committed in the course of a robbery, the murder was committed for pecuniary gain, and the murder was especially heinous, atrocious and cruel.  See Miss. Code Ann. § 99-19-101(5) (1972 & Supp. 1991).  After weighing the aggravating circumstances against the mitigating evidence, see id., the jury returned a death sentence.  The Mississippi Supreme Court affirmed.  Smith v. State, 419 So. 2d 563 (Miss. 1982), cert. denied, 460 U.S. 1047 (1983) (Smith I).  Smith next initiated proceedings for post-conviction relief in the Mississippi Supreme Court.  He raised a multitude of claims, nearly all of which the court found procedurally barred.  Among these were the claim that there was constitutional error at trial in the jury's use of the "especially heinous, atrocious, and cruel" aggravating circumstance.  The Mississippi Supreme Court responded to this claim as follows:

> At trial there was no objection to the instruction on the aggravating circumstance set forth in Mississippi Code Annotated § 99-19-101(5)(h) as to the heinous, atrocious, or cruel nature of the murder.  Likewise, the giving of this instruction was not raised on direct appeal, barring petitioner from raising it in post-conviction proceedings. See Mississippi Supreme Court Rule 42.

Smith v. State, 434 So. 2d 212, 218 (Miss. 1983) (Smith II).  The court denied all relief.

Smith then sought habeas corpus relief in federal court. The proceedings were stayed for some time while he exhausted additional state remedies, but eventually the district court

2

denied all relief. Smith v. Thigpen, 689 F. Supp. 644 (S.D. Miss. 1988). On appeal, we affirmed the district court in its entirety. Smith v. Black, 904 F.2d 950 (5th Cir. 1990) (Smith III). One of the claims we rejected was a constitutional challenge to the jury's use of the "especially heinous" aggravating circumstance. Smith had based this claim on the Supreme Court's invalidation in Maynard v. Cartwright, 486 U.S. 356 (1988), of Oklahoma's use of that aggravating circumstance without a limiting instruction. Smith also argued, in a supplemental brief, that after Clemons v. Mississippi, 494 U.S. 738 (1990), his death sentence could not be salvaged as a result of the fact that two valid aggravating circumstances (robbery and pecuniary gain) remained. The State contended, however, that Smith could not raise a challenge to the "especially heinous" circumstance in federal habeas because the Mississippi Supreme Court, on collateral review, had held it procedurally barred. Smith III, 904 F.2d at 981.

Although we held against Smith, we relied not on a state procedural bar, but on Smith's inability under Teague v. Lane, 489 U.S. 288 (1989), to take advantage of the Maynard and Clemons decisions. Teague, of course, prohibits the application of "new" rules of constitutional procedure in federal habeas proceedings unless the rule falls within one of two narrow exceptions. We determined that the "better practice" was to decide the Teague retroactivity question before reaching the procedural bar question. Smith III, 904 F.2d at 982. We then determined that

3

an essential element of <u>Clemons</u> on which Smith relied -- its rejection of Mississippi's automatic affirmance rule in cases where at least one valid aggravating circumstance remains -- was a new rule for purposes of <u>Teague</u> and did not fall within either of the <u>Teague</u> exceptions. <u>Smith III</u>, 904 F.2d at 983-86.

In <u>Stringer</u>, the Supreme Court unambiguously decided that <u>Maynard</u> and <u>Clemons</u> did not announce new rules for the purposes of <u>Teague</u>; hence, the Court vacated the judgment in <u>Smith III</u>. Our task on remand is not, however, simply to apply <u>Maynard</u> and <u>Clemons</u>, for the State continues vigorously to advance the procedural bar as an alternative means of preventing consideration of the merits of this claim. In addition, Smith has asked us to consider two issues never before raised in his briefs.


## II. <u>ANALYSIS</u>

A. <u>Procedural Bar of the Aggravating Circumstance Claim</u>

It is by now well-established that federal habeas courts will not consider claims a petitioner has defaulted in state court absent a showing of cause for the default and resulting prejudice, or a showing that failure to consider the claim will result in a fundamental miscarriage of justice. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). As this doctrine rests on the notion that a state court's reliance on a procedural bar functions as an adequate and independent state ground supporting the judgment, <u>Coleman v.</u>

4

<u>Thompson</u>, --- U.S. ---, 111 S. Ct. 2546, 2554 (1991), federal courts must first determine whether the state court judgment rests on state law.  In this task we are aided by <u>Harris v. Reed</u>, 489 U.S. 255 (1989), which holds that habeas courts will presume that there is an independent and adequate state ground when "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  <u>Id.</u> at 263 (internal quotation omitted).

We have little difficulty concluding that the last state court to consider this claim "clearly and expressly" relied on a state procedural rule to bar review.  In the first post-conviction proceeding, the Mississippi Supreme Court pointed out that Smith did not object to the giving of the "especially heinous" instruction at the sentencing phase and did not raise it on direct appeal, barring him from raising it in post-conviction proceedings.  (For the sake of clarity, we will refer to these as the "contemporaneous objection" and "direct appeal" bars, respectively).  For support, the court cited Mississippi Supreme Court Rule 42.  <u>Smith II</u>, 434 So. 2d at 218.  Our statement in <u>Smith III</u>, 904 F.2d at 981, that "[t]he court's opinion is ambiguous only as to whether it regarded the claim to be barred independently for failure to object at trial" does not undermine this conclusion.  We were not stating that the state court's opinion was ambiguous as to whether it relied on federal or state law, but instead that it was not clear whether the court was relying on the contemporaneous objection bar or the the direct

5

appeal bar. Regardless of whether its decision rested on trial or appellate default, it is clear that the court rested exclusively on state procedural rules and not federal law.

Smith primarily argues that Mississippi's failure consistently to invoke the contemporaneous objection and direct appeal bars in cases in which the petitioner defaulted on a challenge to the "especially heinous" aggravating circumstance should cause this court to disregard the procedural bars altogether and reach the merits of the claim. We agree.

A state procedural rule will not function as an adequate and independent state ground supporting the judgment if it is not "strictly or regularly followed." Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982) (citation omitted); see also Johnson v. Mississippi, 486 U.S. 578, 587 (1988); Wheat v. Thigpen, 793 F.2d 621, 624 (5th Cir. 1986), cert. denied, 480 U.S. 930 (1987). "State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims." Hathorn, 457 U.S. at 263. In Johnson, for example, the Court, after reviewing a series of state cases, found that the Mississippi Supreme Court inconsistently applied the direct appeal bar where the defendant failed on direct appeal to challenge a conviction that formed the basis for an enhanced sentence or supported an aggravating circumstance in a capital sentencing. The Court therefore refused to find the bar an adequate and independent state ground supporting the state court's failure to grant relief. Id. at 587. Smith wisely

6

disputes the consistency of both the contemporaneous objection and direct appeal bars -- wisely, we say, because there is some ambiguity about which bar the Mississippi Supreme Court invoked. As to the former, Smith argues that the Mississippi Supreme Court inconsistently applies the bar in cases involving constitutional challenges to the "especially heinous" aggravating circumstance, and as to the latter he argues that this circuit has conclusively determined that that bar is inadequate when applied at the time of Smith's collateral review.

We recently had occasion to discuss Mississippi's contemporaneous objection bar in Wiley v. Puckett, No. 90-1599, slip op. 6500 (5th Cir. Aug. 5, 1992). There, the petitioner raised in federal habeas a claim based on Batson v. Kentucky, 476 U.S. 79 (1986), and a claim that the prosecutor made improper remarks in his closing argument. The petitioner did not lodge appropriate objections at trial, and the Mississippi Supreme Court held on collateral review that the claims were procedurally barred. Wiley v. State, 517 So. 2d 1373, 1378 (Miss. 1987), cert. denied, 486 U.S. 1036 (1988). We upheld the bar on the authority of Hill v. Black, 887 F.2d 513 (5th Cir. 1989), vacated on other grounds, --- U.S. ---, 111 S. Ct. 28 (1990), stating:

> In Hill, we found that "the Supreme Court [of Mississippi] regularly applies the contemporaneous objection rule to the cases before it." 887 F.2d at 516. It is true, as Wiley points out, that the Mississippi Supreme Court may disregard the procedural bar rule when plain error exists. But we acknowledged this practice in Hill and did not find that it detracted from the consistency of Mississippi's application of the rule. Hill, 887 F.2d at 516.

7

<u>Wiley</u>, slip op. at 6521 (footnote omitted) (brackets in original). <u>Wiley</u> and <u>Hill</u> do not require that we defer to the contemporaneous objection rule in this case, however, because it is apparent that at the time of Smith's post-conviction review the Mississippi Supreme Court enforced the rule only sporadically in cases in which the defendant raised a challenge to the "especially heinous" aggravating circumstance.

In our original opinion, we recognized that <u>Hill</u> had settled the question of Mississippi's application of its contemporaneous objection rule. <u>Smith III</u>, 950 F.2d at 987. However, in a footnote to the citation of <u>Hill</u> we stated: "Because we decide that Smith's claim that the 'especially heinous' aggravating circumstance is unconstitutional [is] precluded by <u>Teague</u>, . . . we do not separately consider his potentially distinct argument that Mississippi has not regularly enforced its procedural bars with regard to such claims." <u>Id.</u> at 987 n.18. We thus recognized that there might be some classes of claims to which the contemporaneous objection bar had not been consistently applied. Now that <u>Teague</u> has no effect here, we must determine whether constitutional challenges to the "especially heinous" factor are one of those classes of claims.

We have little trouble finding inconsistent application of the contemporaneous objection bar in this context. In at least eight cases spanning a period of time before and after Smith's collateral review, the Mississippi Supreme Court reached the merits of a claim based on the "especially heinous" aggravator

8

despite the lack of an objection to the jury instructions. Washington v. State, 361 So. 2d 61 (Miss. 1978), cert. denied, 441 U.S. 916 (1979); King v. State, 421 So. 2d 1009 (Miss. 1982), cert. denied, 461 U.S. 919 (1983); Leatherwood v. State, 435 So. 2d 645 (Miss. 1983), cert. denied, 465 U.S. 1984 (1984); Tokman v. State, 435 So. 2d 664 (Miss. 1983); Irving v. State, 441 So. 2d 846 (Miss. 1983), cert. denied, 467 U.S. 1256 (1984); Billiot v. State, 454 So. 2d 445 (Miss. 1984), cert. denied, 469 U.S. 1230 (1985); Mhoon v. State, 464 So. 2d 77 (Miss. 1985); Faraga v. State, 514 So. 2d 295 (Miss. 1987), cert. denied, 487 U.S. 1210 (1988). The State's suggestion that we must look solely to the Mississippi Supreme Court's application of the rule in post-conviction review cases misconstrues the rule, for the rule as written makes no distinction between direct appeals and post-conviction review proceedings. See Miss. Sup. Ct. Rule 42 ("no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court. . . .").[1] Thus, to the extent the state court in Smith II relied on the fact that Smith failed to object at trial, he is not barred from obtaining

---

[1] In 1984, Mississippi enacted the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et seq. (Supp. 1991). As of April 17, 1984, the default rule for cases on collateral review is found at § 99-39-21(1). See, e.g., Wiley v. State, 517 So. 2d 1373, 1378 (Miss. 1987), cert. denied, 486 U.S. 1036 (1988). Like Supreme Court Rule 42, it provides that failure to raise objections at trial bars further review. As the state court opinion reflects, Supreme Court Rule 42 provided the applicable procedural bar at the time of Smith's post-conviction review.

federal review of his challenge to the "especially heinous" aggravating circumstance.[2]

Smith also is safe from any bar due to his failure to raise a challenge to the "especially heinous" aggravator on direct appeal. We found in Wheat that the Mississippi Supreme Court did not regularly follow the direct appeal bar at the time of Smith's direct appeal and post-conviction review. Wheat, 793 F.2d at 626.[3] We adhered to this precedent in Reddix v. Thigpen, 805 F.2d 506, 510 (5th Cir. 1986); Edwards v. Scroggy, 849 F.2d 204, 209 n.4 (5th Cir. 1988), cert. denied, 489 U.S. 1059 (1989); and our earlier opinion in this case, Smith III, 904 F.2d at 971. We are bound by these decisions, and so hold that to the extent the state court invoked the direct appeal bar on the "especially heinous" circumstance claim, Smith is not barred.

Having determined that we may reach the merits of the Eighth Amendment challenge to the use of the "especially heinous" aggravating circumstance, we hold that, insofar as the district court denied habeas relief on this claim, the judgment must be

---

[2] Our statement in Smith III that "[Smith's] clemency [from Mississippi's procedural bar rules] does not extend to claims raised neither at trial nor on direct appeal" does not conflict with our holding. This statement was dicta, as we did not hold in Smith III that any claims were barred for this reason. Moreover, as noted above, footnote 18 (which appears at the end of the sentence after the sentence quoted above) specifically recognizes that there may a distinct argument about Mississippi's enforcement of its procedural bars to challenges to the "especially heinous" aggravating factor.

[3] We found that, although the Mississippi Supreme Court announced its intention in 1983 to invoke the direct appeal bar on a regular basis, its failure to do so in a 1985 case rendered application of the rule inconsistent. Wheat, 793 F.2d at 626.

vacated and the case remanded to the district court with instructions to issue the writ of habeas corpus unless the State of Mississippi initiates appropriate proceedings in state court within a reasonable time after the issuance of our mandate. Under Clemons and Maynard, the use of the "especially heinous" aggravating circumstance without a limiting instruction clearly was error.  Clemons, of course, holds that the death sentence may be salvaged if the state appellate court eliminated the invalid aggravating factor and reweighed the remaining valid factors against the mitigating factors, or if it determined that use of the invalid factor was harmless beyond a reasonable doubt.  But it is plain that the Mississippi Supreme Court neither reweighed nor performed harmless error analysis, and the State has not suggested that it did.[4]  Should the State elect to initiate further proceedings in the Mississippi Supreme Court, that court still has the option of reweighing or performing a harmless error analysis as those procedures have been defined in Clemons and Wiley.[5]

---

[4]  This is not surprising, since direct review in this case occurred long before Maynard and Clemons, at a time when the Mississippi Supreme Court consistently rejected all challenges to the "especially heinous" factor.

[5]  We note that the Mississippi Supreme Court, in post-Clemons cases, has held that state law precludes it from reweighing, but that harmless error analysis is permissible. Clemons v. State, 593 So. 2d 1004 (Miss. 1992) (on remand from the Supreme Court); Shell v. State, 595 So. 2d 1323 (Miss. 1992); Jones v. State, No. 03-DP-601, 1992 WL 124774 (Miss. June 10, 1992); Pinkney v. State, No. 03-DP-761, 1992 WL 146776 (Miss. July 1, 1992); see also Wiley, slip op. at 18-19.  However, in none of the four state cases cited above has the Mississippi Supreme Court found the error harmless beyond a reasonable doubt.

11

B. Additional Claims

In his brief on remand, Smith raises two new claims. First, he argues that Eighth Amendment error occurred when the jury was instructed that they could consider as aggravating circumstances the facts that the murder was committed in the course of a robbery and for pecuniary gain. Second, he contends that his trial and sentencing were unconstitutionally tainted by "cumulative error."

The Supreme Court vacated the judgment in this case and remanded for further consideration in light of Stringer. Although it is true, as Smith points out, that this court considered a claim beyond the scope of the Supreme Court's remand order in Hill v. Black, 920 F.2d 250 (5th Cir. 1990), modified on other grounds, 932 F.2d 369 (5th Cir. 1991), that claim had been properly raised in the habeas petition. 920 F.2d at 250. Smith, however, did not raise either of his two new claims in his petition for habeas corpus in the district court. Accordingly, we do not consider them in this appellate proceeding. See Johnson v. Puckett, 930 F.2d 445, 448 (5th Cir. 1991).

III. CONCLUSION

For the reasons set forth above, the judgment of the district court is vacated insofar as it holds that there was no constitutional error in the jury's use of the "especially heinous, atrocious or cruel" aggravating circumstance. The case is REMANDED to the district court with instructions to issue the

12

writ of habeas corpus unless the State of Mississippi initiates appropriate proceedings in state court within a reasonable time after the issuance of our mandate.  In all other respects, the judgment of the district court is again AFFIRMED.