JERRY E. SMITH, Circuit Judge:
James Jackson seeks a certificate of ap-pealability (“COA”) from the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because he cannot make a substantial showing of the denial of a federal constitutional right, we deny a COA.
I.
The evidence presented at trial established that Jackson murdered his wife and her two daughters because his wife intended to divorce him. Jackson confessed to strangling each victim. The jury found him guilty of capital murder for murdering more than one person during the same criminal transaction. He was sentenced to death.
During the sentencing phase, Jackson filed a “Motion To Introduce the Testimony of Defendant’s Family and Friends Regarding Their Feelings on the Prospect of a Death Sentence and the Impact an Execution Would Have on Them.” The motion asked the court to allow Jackson to question his friends and family on (1) whether they wanted him to die and (2) what the impact on them would be if he were executed. The trial court denied the motion.
The conviction was affirmed on direct appeal. Jackson v. State, 33 S.W.3d 828 (Tex.Crim.App.2000), cert. denied, 532 U.S. 1068, 121 S.Ct. 2221, 150 L.Ed.2d 213 (2001). Jackson filed a state petition for writ of habeas corpus. The trial court entered findings and conclusions recommending that relief be denied; the Court of Criminal Appeals adopted those findings and conclusions. Ex parte Jackson, No. 52,904-01 (Tex.Crim.App. Sept. 11, 2002).
Jackson filed a federal habeas petition alleging, inter alia, that the refusal to allow the “execution impact” testimony violated his Eighth and Fourteenth Amendment right to present any evidence that might lead a juror to conclude that a sentence less than death was warranted. The district court granted summary judgment for the state on that claim, holding that the refusal to allow execution impact testimony was not an unreasonable application of Supreme Court precedent. The district court rejected Jackson’s other constitutional claims and declined to issue a COA.
On appeal, Jackson abandons all claims except for his challenge to the exclusion of *616 execution impact testimony. He seeks a COA from this court based on that claim.
II.
Our review on a request for a COA is constrained by statute. Absent a COA, we have no jurisdiction to entertain the merits of Jackson’s claims on appeal. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), a petitioner must show that the state courts’ resolution of his case was either “contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).[1] To grant a COA, we need not decide the ultimate merits of the underlying issue in the petitioner’s favor, but rather we ask only whether he has made “a substantial showing of the denial of a constitutional right.” Id. § 2253(c)(2).
“A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court’s resolution of his constitutional claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.” Miller-El, 537 U.S. at 327, 123 S.Ct. 1029. Our role is to determine not whether Jackson is entitled to relief, but whether the district court’s conclusion that the state court adjudication was not contrary to or an unreasonable application of clearly established federal law is one about which jurists of reason could disagree or as to which jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.[2]
III.
A.
In Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (plurality opinion), the Court announced that the “Eighth Amendment and Fourteenth Amendments require that the sen- *617 tencer ... not be precluded from considering, as a mitigating factor, any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.” This rule has been applied by the Supreme Court in a number of cases.[3] “[A] defendant has wide latitude to raise as a mitigating factor ‘any aspect of [his or her] character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.’ ”[4]
To obtain habeas relief, Jackson must satisfy the standards of AEDPA. We have most recently described the means by which a petitioner in Jackson’s circumstance may proceed:
The Supreme Court has determined that section 2254(d)(1) affords a petitioner two avenues, “contrary to” and “unreasonable application,” to attack a state court application of law. Under the first clause:
a state court decision is “contrary to ... clearly established Federal law, as determined by the Supreme Court” if (1) “the state court applies a rule that contradicts the governing law set forth in [the Supreme Court’s] cases,” or (2) “the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.”
Under the second clause, “a state court decision is ‘an unreasonable application of clearly established’ Supreme Court precedent if the state court ‘correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner’s case.’ ” The Supreme Court provided further guidance:
First, the Court indicated that the inquiry into unreasonableness is an objective one. Second, the Court emphasized that “unreasonable” does not mean merely “incorrect”: an application of clearly established Supreme Court precedent must be incorrect and unreasonable to warrant federal habeas relief.
Only if a state court’s application of federal constitutional law fits within this paradigm may this court grant relief.
Summers v. Dretke, 431 F.3d 861, 868-69 (5th Cir.2005) (citations omitted).
B.
We now examine whether Jackson has made an adequate showing for a COA under either of the “two avenues” this court has described. We conclude that he has not.
1.
The state court’s decision does not plainly contradict Supreme Court governing law. As the federal district court in this case carefully explained,
[Various Supreme Court] cases have consistently held ... that the scope of constitutionally protected mitigating evidence is evidence reflecting on the defendant’s background or character, or on the circumstances surrounding the crime *618 .... Jackson cites no case holding that evidence unrelated to his character or background or the circumstances of the crime falls within the scope of Lockett [v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978),] and its progeny....
Because the Supreme Court has never included friend/family impact testimony among the categories of mitigating evidence that must be admitted, the district court was correct in deciding that Jackson failed via the first avenue.
2.
The state court decision is not unreasonable under the second possible avenue for a habeas petitioner under AEDPA. If we consider that Lockett and its progeny announce the governing Supreme Court rule, so that the question of the admissibility of the friends/family impact evidence requires application of this existing rule to the facts, we agree that the state court’s determination is not unreasonable — that is, the determination that Jackson’s evidence has no mitigating value and therefore does not meet even the low relevance threshold.
Evidence of impact on friends and family does not reflect on Jackson’s background or character or the circumstances of his crime, so Jackson’s proffer of that evidence does not satisfy the second avenue available to him to obtain habeas relief. As the district court put it,
The testimony Jackson wished to present ... is not relevant either to the degree of harm Jackson’s crime caused or to Jackson’s moral culpability for the crime. Accordingly, this evidence does not fall within the scope of Payne [v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991),] or Lockett. At a minimum, the Texas courts’ conclusion that Jackson was not entitled to present this evidence is not an unreasonable application of Supreme Court precedent
This reasoning also is consistent with our rejection, in Summers, 431 F.3d at 882-83, of the notion that “any mitigating evidence” must be allowed to be presented.
IV.
In sum, it was not objectively unreasonable for the state court to decide that extant Supreme Court holdings should not be extrapolated to include testimony as to the impact of a death sentence on family and friends. It follows that the district court’s determination that the state court ruling was not unreasonable is not debatable by jurists of reason, and jurists could not conclude that the issues presented are adequate to deserve encouragement to proceed further, because there is no indication that a more plenary inquiry reasonably could yield a contrary result.
The application for COA, accordingly, is DENIED.

. See also Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (“Where, as here, the state court’s application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.”).

. See Thacker v. Dretke, 396 F.3d 607, 612 (5th Cir.), cert. denied,-U.S.-, 126 S.Ct. 80, 163 L.Ed.2d 100 (2005); see generally Pippin v. Dretke, 434 F.3d 782 (5th Cir.2005). Because the issue before us was not presented in Jackson’s state habeas petition, the appropriate state court decision for review is the Texas Court of Criminal Appeals’ decision on direct review. See Bledsue v. Johnson, 188 F.3d 250, 255 n. 8 (5th Cir.1999) ("[A]t no time have we suggested that pursuing relief in the Court of Criminal Appeals in both a petition for discretionary review and in an application for a writ of habeas corpus is necessary to satisfy the exhaustion requirement .... Only one avenue of post-conviction relief need be exhausted.”); see also Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir.1990); Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.3(b) (4th ed. 2001) (“Generally, a petitioner satisfies the exhaustion requirement if she properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state.”).
The Court of Criminal Appeals held that it was not an abuse of discretion for the trial court to deny Jackson's request to introduce testimony about the emotional impact his execution would have on his family and friends. See Jackson v. State, 33 S.W.3d 828, 834 (Tex.Crim.App.2000). That court relied on Fuller v. State, 827 S.W.2d 919, 935-36 (Tex.Crim.App.1992), which affirmed the denial of a similar request on the ground that the evidence did not pertain to the appellant’s background, character, record, or the circumstances of the offense.

. See Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986); McKoy v. North Carolina, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990); Tennard v. Dretke, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004).

. Roper v. Simmons, 543 U.S. 551, 568, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (ellipses and second brackets in original) (quoting Lockett, 438 U.S. at 604, 98 S.Ct. 2954 (plurality opinion)).