# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 08-70031

Lyle W. Cayce
Clerk

FREDERICK BELL,

Petitioner-Appellant,

versus

CHRISTOPHER B. EPPS,
Commissioner, Mississippi Department of Corrections,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:04-CV-212

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Frederick Bell, a death row inmate, seeks an expanded certificate of appealability ("COA") to include additional issues. We deny the application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-70031

I.

In 1993, a jury found Bell guilty of capital murder and sentenced him to death.  The Mississippi Supreme Court affirmed.  *Bell v. State*, 725 So. 2d 836 (Miss. 1998), *cert. denied*, 526 U.S. 1122 (1999).  Bell unsuccessfully petitioned for collateral relief.  *Bell v. State*, 879 So. 2d 423 (Miss. 2004), *cert. denied*, 543 U.S. 1155 (2005).  Bell was denied federal post-conviction relief.  *Bell v. Epps*, 2008 WL 2690311 (N.D. Miss. Jun. 20, 2008).

Bell then moved for a COA, which the district court denied for most of the claims but granted on two issues.  *Bell v. Epps*, 2008 WL 3823766 (N.D. Miss., Aug. 13, 2008).  As to those two, we affirmed, *Bell v. Epps*, 347 F. App'x 73 (5th Cir. 2009), whereupon Bell filed the instant motion for an expanded COA.

II.

A party seeking an expanded COA must meet the ordinary requirements for a COA.  *See, e.g.*, *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  That is, he must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jackson v. Dretke*, 450 F.3d 614, 618 (5th Cir. 2006).

Bell seeks to expand his COA to include three issues: (1) that the trial court erroneously denied his jury challenges for cause; (2) that counsel rendered ineffective assistance by waiving Bell's *Batson*[1] right to contest the state's use of peremptory challenges; and (3) that the *voir dire* was deficient.  Each of those issues was presented to the district court in Bell's earlier request for a COA. The court denied that request, incorporating by reference the reasoning in its

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

2

No. 08-70031

comprehensive denial of Bell's habeas petition. Because the district court's disposition is not debatable by jurists of reason, we deny an expanded COA.

## III.

Bell contends that the trial court erroneously denied his challenges for cause as to four jurors, which required him to use four of his peremptory challenges to keep them off the jury. His claim that that violated his constitutional rights is foreclosed by *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000), which held that "a defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause." Bell, like Martinez-Salazar, "had the option of letting [each allegedly-biased potential juror] sit on the petit jury and, upon conviction, pursu[e] a Sixth Amendment challenge on appeal." *Id.* at 315. But instead, Bell, like Martinez-Salazar, elected to remove the four jurors because he did not want them on the jury. *See id.*

"In choosing to remove [each juror] rather than taking his chances on appeal, [Bell] did not lose a peremptory challenge. Rather, he used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury." *Id.* at 315-16. The district court's dismissal of the claim is not unreasonable or debatable among jurists of reason.[2]

## IV.

Bell contends that his trial counsel rendered ineffective assistance by fail-

---

[2] Nowhere in his brief does Bell make the claim that the "trial court deliberately misapplied the law in order to force [him] to use a peremptory challenge to correct the court's error, *Martinez-Salazar*, 528 U.S. at 316, and nothing in the record suggests that that was the case. At any rate, *Martinez-Salazar* merely left open the question whether deliberate action by the district court would warrant reversal, *see id.* ("[N]o question is presented here whether such an error would warrant reversal."), and so would not constitute "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1).

No. 08-70031

ing to challenge the state's allegedly discriminatory use of peremptory challenges, as was his right under *Batson v. Kentucky*, 476 U.S. 79 (1986). A successful ineffective-assistance claim requires showing both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* Deficiency is judged by an objective standard, *id.* at 688-89, with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,"*id.* at 689. Prejudice requires a "reasonable probability that, but for the deficient performance of his trial counsel, the outcome of his capital murder trial would have been different." *Avila v. Quarterman*, 560 F.3d 299, 313 (5th Cir.), *cert. denied*, 130 S. Ct. 536 (2009).

As we stated in a previous iteration of this case,

Bell's sentencing claim was adequately developed in state court, so it is analyzed under the usual standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, because the Mississippi Supreme Court determined, on the merits, that Bell had received constitutionally adequate assistance of counsel at sentencing, we can grant relief only on a finding that that conclusion 'was contrary to, or involved an unreasonable application, of' the *Washington* standard."

*Bell*, 347 F. App'x at 79 (citations omitted).[3]

Bell points us to the portion of the transcript where his counsel discussed *Batson* immediately after jury selection, stating that "the failure by the Defendant to assert a *Batson* challenge to any of the peremptory challenges exercised by the State was a tactical decision that was made after due consideration . . . ." After referencing a recent Mississippi opinion, counsel added, "[I]t [is] my un-

---

[3] Our review is removed somewhat from this standard, given our limited focus on whether the disposition is debatable by reasonable jurists.

derstanding that if I raised the *Batson* challenge to them . . . I would, likewise, have to justify my challenges, and the challenges of the Defendant, and did not feel that [sic] was wise . . . ," and then added again that his reason was "tactical."

The Mississippi Supreme Court, hearing the claim on post-conviction review, concluded that counsel had misinterpreted the relevant caselaw. We agree that, to the extent that counsel felt that the state's ability to challenge the defendant's use of peremptories hinged on the defendant's decision to make a similar challenge, he misinterpreted federal law. Nevertheless, as both the Mississippi Supreme Court and the federal district court pointed out, *see Bell*, 879 So. 2d at 435-36; *Bell*, 2008 WL 2690311, at *22, such a misunderstanding does not inexorably lead to a finding of deficiency, *see, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Indeed, "[t]he constitutional requirement does not demand errorless counsel, but rather 'counsel . . . rendering reasonably effective assistance, given the totality of the circumstances." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983) (citations omitted).

There is a "strong presumption" of competency in ineffective-assistance cases.[4] Even if counsel misunderstood the precise contours of *Batson*, the record indicates that he informed Bell of that right,[5] discussed with him whether to raise such a challenge, and made a tactical decision not to do so.[6]

---

[4] *See, e.g.*, *Wesbrook v. Thaler*, 585 F.3d 245, 251 (5th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3547 (U.S. Mar. 22, 2010).

[5] This makes Bell's reliance on *Winters v. Cook*, 466 F.2d 1393 (5th Cir. 1972), *rev'd en banc*, 489 F.2d 174 (5th Cir. 1973), especially perplexing. In contrast to Bell, Winters "had no idea that he could object to the jury composition." *Id.* at 1395. (At any rate, we later reversed en banc the holding bolstered by the language on which Bell relies.) And, however imperfect counsel's performance was, Bell provides nothing beyond his mere assertion to support his claim that counsel was grossly negligent or incompetent. *Cf. Winters v. Cook*, 489 F.2d 174, 178 (5th Cir. 1973) (en banc).

[6] Furthermore, there is no indication that counsel's labeling of the reason for his failing to raise a *Batson* challenge as tactical was a post-hoc rationalization "rather than a genuine

(continued...)

No. 08-70031

Furthermore, Bell's request for relief ultimately fails, because he is unable to make the requisite showing that he was prejudiced.[7] Bell asks us to infer discrimination from the mere facts that he is black, the victim was white, and the jury consisted of eleven whites and only one black. He points to nothing in the record that suggests he could make out a *prima facie* case of purposeful discrimination; bereft of data and affidavits, he has only his conclusional statement that discrimination must have occurred.[8] That is too speculative––particularly so in light of the "high burden of actual prejudice required to prove ineffective assistance of counsel." *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). As to this, we conclude, reasonable jurists could not disagree.

V.

Bell takes issue with the *voir dire*. Specifically, he claims that the trial court's and counsel's inaction failed to result in an unbiased jury.

Bell's complaint about the adequacy of the *voir dire* is procedurally barred.[9] The Mississippi Supreme Court determined as much on direct review,

---

[6] (...continued)
account of [his] decision-making process." *Richards v. Quarterman*, 566 F.3d 553, 569 (5th Cir. 2009).

[7] *Cf., e.g., Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (stating that petitioner bears the burden of proving prejudice), *cert. denied*, 129 S. Ct. 2383 (2009).

[8] Bell claims, in the alternative, that prejudice should be presumed because (1) there was state involvement in the violation, and (2) the assistance of counsel was effectively denied entirely. But Bell's statement that the "trial judge inaccurately explained *Batson* to Petitioner and reinforced trial counsel's incorrect explanation of *Batson*" is not true. And, likewise, nothing in the record lends credence to the claim that Bell's counsel was so deficient that he "failed to subject the prosecution's case to meaningful adversarial testing," *United States v. Cronic*, 466 U.S. 648, 659 (1984), such that there was "actual or constructive denial of the assistance of counsel altogether," *Washington*, 466 U.S. at 692.

[9] AEDPA requires a petitioner to exhaust state remedies in compliance with state procedures. *See, e.g., Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995); *see also* 28 U.S.C.

noting that "a party who fails to object to the jury's composition before it is empaneled waives any right to complain thereafter." *Bell*, 725 So. 2d at 844. That holding was in keeping with the longstanding rule in its caselaw.[10] Furthermore, the fact that that court then went on to discuss the merits of the issue is irrelevant. We "must apply the procedural bar nonetheless, for an alternative conclusion on the merits does not vitiate the state court's procedural holding." *Bell,* 347 F. App'x at 78 n.10 (citing *Hughes v. Dretke*, 412 F.3d 583, 592-93 (5th Cir. 2005)).

Where a state prisoner has defaulted his federal claims in state court under an independent and adequate state procedural rule, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Bell points to no "objective external factor [that] impeded the defense counsel's ability to comply with the state's procedural rules," *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (quoting *Hill v. Black*, 932 F.2d 369, 372-73 (5th Cir. 1991), nor does he claim to be actually innocent, *see id.* He cannot show actual prejudice or a fundamental miscarriage of justice, *cf. id.*, so reasonable jurists would not disagree with the district court's disposition of the claim.

The application for an expanded COA is DENIED.

---

[9] (...continued)
§ 2254(b)(1)(A).

[10] *See, e.g.*, *Hunter v. State*, 684 So. 2d 625, 631 (Miss. 1996); *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994); *Myers v. State*, 565 So. 2d 554, 557 (Miss. 1990); *Cole v. State*, 525 So. 2d 365, 369 (Miss. 1994); *Pickett v. State*, 443 So. 2d 796, 799 (Miss. 1983).