**Joanne KOTLER, Individually and as Administratrix, etc., Plaintiff, Appellant,**

**v.**

**The AMERICAN TOBACCO COMPANY, et al., Defendants, Appellees.**

**Nos. 90–1297, 90–1400.**

United States Court of Appeals, First Circuit.

Submitted Nov. 3, 1992.

Decided Dec. 4, 1992.

---

Michael J. Traft, Diana Lumsden, Garry Van Inge, Eric Nissen, Carney & Bassil, and Nissen & Lumsden, Boston, Mass., on memoranda, for plaintiff, appellant.

Andrew F. Lane, Boston, Mass., Thomas E. Bezanson, Bruce G. Sheffler, Mary T. Yelenick, Warner & Stackpole, Boston, Mass., and Chadbourne & Parke, New York City, on memoranda for defendant, appellee American Tobacco Co.

Samuel Adams, Joseph J. Leghorn, Boston, Mass., James V. Kearney, New York City, Warner & Stackpole, Boston, Mass., and Mudge Rose Guthrie Alexander & Ferdon, New York City, on memoranda for defendant, appellee Liggett Group Inc.

Marshall Simonds, Thomas J. Griffin, Jr., Paul E. Nemser, Boston, Mass., Thomas E. Silfen, Washington, D.C., Goodwin, Proctor & Hoar, Boston, Mass., and Arnold & Porter, Washington, D.C., on memoranda for defendant, appellee Philip Morris, Inc.

Before SELYA, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

SELYA, Circuit Judge.

This opinion promises to be the final trek in a long safari of a case. At journey's end, we reaffirm our earlier judgment, *see Kotler v. American Tobacco Co.*, 926 F.2d 1217 (1st Cir.1990) [*Kotler III*], and dismiss the vestiges of plaintiff's two appeals.

## I. BACKGROUND

Our prior opinion memorializes much of this case's convoluted procedural history. *See id.* at 1219–20. We merely summarize and update here, highlighting the events that bear on the residuum of the litigation.

Plaintiff-appellant Joanne Kotler sued three cigarette manufacturers, American Tobacco Company (ATC), Philip Morris, Inc. (PMI), and Liggett Group Inc. (Liggett), in federal district court to recover damages for her husband's death from lung cancer. Plaintiff's claims fell into four general categories: negligence, misrepresentation, breach of warranty based on failure to warn, and breach of warranty based on design defects. During pretrial proceedings, the district court put to rest everything except plaintiff's pre–1966 claims against ATC for breach of warranty (failure to warn) and negligence. *See Kotler v. American Tobacco Co.*, 685 F.Supp. 15, 18–20 (D.Mass.1988) [*Kotler I*]; *Kotler v. American Tobacco Co.*, 731 F.Supp. 50, 52–57 (D.Mass.1990) [*Kotler II*].[1] Those claims went to trial. The lower court directed a verdict for ATC on the former claim and the jury returned a defendant's verdict on the negligence count. *See Kotler III*, 926 F.2d at 1220.

On appeal, we considered myriad assignments of error. These included plaintiff's challenge to the district court's May, 1988 ruling that the Federal Cigarette Labeling and Advertising Act, *codified as amended,* 15 U.S.C. §§ 1331–1341 (1988) [the Labeling Act], preempted her post–1965 misrepresentation claims. *See Kotler I*, 685 F.Supp. at 20. Inasmuch as the preemption question was clearly controlled by our

---

1. *Kotler II* comprises the district court's memorandum and order of January 12, 1990, granting ATC's motion for summary judgment on the design defect claims, and incorporates, as an appendix, the court's memorandum and order of November 21, 1989, granting the other defendants' motions for summary judgment on all remaining claims asserted against them.

earlier opinion in *Palmer v. Liggett Group, Inc.*, 825 F.2d 620 (1st Cir.1987), we affirmed the district court's dismissal of these claims without deciding whether Kotler's notice of appeal adequately preserved the preemption issue for appellate review. *See Kotler III*, 926 F.2d at 1221–24. We did, however, express considerable skepticism about the existence of appellate jurisdiction. *See id.* at 1221.

Plaintiff also argued that the district court erred in failing to submit her breach of warranty (failure to warn) claim to the jury. We agreed with this assertion but determined that, under Massachusetts products liability law as explicated in *Anderson v. Owens–Illinois, Inc.*, 799 F.2d 1 (1st Cir.1986), the error was harmless. *See Kotler III*, 926 F.2d at 1228–35. Hence, we affirmed the judgment.

Plaintiff petitioned for certiorari in respect to both the preemption and breach of warranty rulings. The Supreme Court withheld action on the petition pending its disposition of *Cipollone v. Liggett Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), a case that addressed the Labeling Act's preemptive effect. The Court decided *Cipollone* on June 24, 1992, and, in the process, narrowed *Palmer*'s sweep. Five days later, the Court vacated our judgment in the instant case and remanded "for further consideration in light of *Cipollone v. Liggett Group, Inc.....*" *See Kotler v. American Tobacco Co.*, —— U.S. ——, 112 S.Ct. 3019, 120 L.Ed.2d 891 (1992). Three weeks thereafter, the Massachusetts Supreme Judicial Court (SJC) issued an opinion that clarified, albeit in dicta, state breach of warranty law. *See Simmons v. Monarch Machine Tool Co.*, 413 Mass. 205, 207 n. 3, 596 N.E.2d 318 (1992).

## II. ISSUES PRESENTED

Following remand, the defendants moved to dismiss the remnants of plaintiff's appeals on jurisdictional grounds. The plaintiff opposed this motion and simultaneously asked that we go beyond the letter of the High Court's remand order to reconsider the directed verdict in light of *Simmons*. In this posture of the case, two threshold questions loom:

1. Did Kotler's notice of appeal addressed to PMI and Liggett (No. 90–1400) preserve the preemption issue for appellate review?[2] This is, of course, the very issue which we previously left open. *See Kotler III*, 926 F.2d at 1221–22. Only if this question warrants an affirmative response can we reach the merits of the preemption claim.[3]

2. Do sufficient grounds exist to impel us to revisit our prior affirmance of the directed verdict in ATC's favor on the breach of warranty claim (notwithstanding that to do so would require us to surpass the scope of the Supreme Court's limited remand)? Only if this question warrants an affirmative response can we rework the decisional calculus in light of the SJC's statements in *Simmons*.

## III. THE PREEMPTION ISSUE

PMI and Liggett argue that the preemption issue is not properly before us because plaintiff failed to direct her notice of appeal to the district court's May, 1988 order.

### A

■ This point is governed by Fed. R.App.P. 3(c), which requires, *inter alia*, that a notice of appeal "designate the judgment, order or part thereof appealed from." The rule's commands are jurisdic-

---

**2.** It is crystal clear that plaintiff never intended to appeal the preemption ruling vis-a-vis ATC and she has not made any developed argument to the contrary. At this juncture, then, we ignore Kotler's notice of appeal against ATC (No. 90–1297) and train our sights exclusively on the notice of appeal plaintiff filed in connection with her claims against PMI and Liggett (No. 90–1400).

**3.** We note that, by vacating and remanding for further consideration in light of *Cipollone*, the Supreme Court neither reached the merits of plaintiff's preemption claim, *see Parker v. Randolph*, 442 U.S. 62, 75–76 n. 8, 99 S.Ct. 2132, 2140–41 n. 8, 60 L.Ed.2d 713 (1979), nor passed upon the threshold jurisdictional issue which we must now confront. *See United States v. Ferri*, 686 F.2d 147, 157 (3d Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983).

tional and mandatory. *See Smith v. Barry,* —— U.S. ——, ——, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315–16, 108 S.Ct. 2405, 2407–08, 101 L.Ed.2d 285 (1988). Its dictates, however, should be construed liberally. *See Smith,* —— U.S. at ——, 112 S.Ct. at 682; *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 228–30, 9 L.Ed.2d 222 (1962). Noncompliance with "mere technicalities" will not defeat appellate jurisdiction. *Foman,* 371 U.S. at 181, 83 S.Ct. at 230. Rather, an appeal survives so long as the litigant's filing "is the functional equivalent of what the rule requires." *Torres,* 487 U.S. at 317, 108 S.Ct. at 2409.

■■■■ In deciding whether a notice of appeal confers appellate jurisdiction over a specific issue, we are cognizant that "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Smith,* —— U.S. at ——, 112 S.Ct. at 682. Accordingly, we examine the notice of appeal addressed to PMI and Liggett, *see supra* note 2, in order to ascertain whether plaintiff sufficiently manifested an intention to appeal the May, 1988 preemption order, or stated another way, whether the notice adequately apprised the defendants of such an intention. *See id.* (stating that "a notice of appeal must specifically indicate the litigant's intent to seek appellate review"); *Mariani–Giron v. Acevedo–Ruiz,* 945 F.2d 1, 3 (1st Cir.1991) (similar); *see also Foman,* 371 U.S. at 181, 83 S.Ct. at 229 (deciding that petitioner's intention to appeal a particular order "was manifest"). However, we do not examine the notice in a vacuum but in the context of the record as a whole. *See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, —— n. 6, 111 S.Ct. 648, 653 n. 6, 112 L.Ed.2d 743 (1991) (noting that compliance with Rule 3(c)'s judgment-designation requirement is to be scrutinized " 'in light of all the circumstances' ") (quoting *Torres,* 487 U.S. at 316, 108 S.Ct. at 2408); *Foman,* 371 U.S. at 181, 83 S.Ct. at 229 (considering the entire appellate record); *Kelly v. United States,* 789 F.2d 94, 96 (1st Cir.1986) (similar); *see also Kotler III,* 926 F.2d at 1221 (observing that the court of appeals is "not limited to the four corners of the notices [of appeal], but may examine them in the context of the record as a whole").

B

■■■■ Upon careful perscrutation of the total record, we are persuaded that plaintiff failed to satisfy the requirements of Appellate Rule 3(c). The body of the relevant notice of appeal is reproduced in the appendix. It makes no reference to the district court's May, 1988 dismissal of plaintiff's failure to warn and negligent misrepresentation claims on preemption grounds. Instead, it specifically references the district court's entirely separate order of November 21, 1989, granting summary judgment on certain design defect claims. Omitting the preemption order while, at the same time, designating a completely separate and independent order loudly proclaims plaintiff's intention not to appeal from the former order. *See, e.g., Mariani–Giron,* 945 F.2d at 3; *Pope v. MCI Telecommunications Corp.,* 937 F.2d 258, 266–67 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1956, 118 L.Ed.2d 558 (1992); *Chaka v. Lane,* 894 F.2d 923, 925 (7th Cir.1990); *Spound v. Mohasco Indus., Inc.,* 534 F.2d 404, 410 (1st Cir.), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). As an ancient maxim teaches, "expressio unius est exclusio alterius." PMI and Liggett were entitled to rely on the plain language and apparent purport of the notice appellant prepared and served.

C

Plaintiff bobs and weaves in an artful attempt to overcome this deficiency. She tries three approaches. We consider them *seriatim.*

Plaintiff's reliance upon her explicit mention of the May, 1988 order in a previously filed, yet untimely, notice of appeal is misplaced. Her subsequent reiteration of all the other grounds listed in the untimely notice, coupled with her omission of any further allusion to the May, 1988 order, would inevitably lead reasonably prudent

appellees to infer that plaintiff had abandoned her quest for review of the ruling on preemption.

Next, plaintiff theorizes that because the first three paragraphs of her notice of appeal run the gamut of the November, 1989 order, the final paragraph could "only logically refer" to the May, 1988 order. This hypothesis smacks of wishful thinking. The most natural reading of the notice is that all four paragraphs parse the particulars of the November, 1989 order. A review of the proceedings below makes this conclusion pellucidly clear.

In November, 1989, the district court granted defendants' motions for a protective order and for summary judgment on plaintiff's design defect claims.[4] *See Kotler II*, 731 F.Supp. at 56–57. It held that plaintiff's evidence was insufficient to support her claim that defendants' cigarettes were defective because they contained adulterated tobacco. *See id.* at 56. The court also rejected on state-law grounds an alternative claim that, even if the tobacco was pristine, defendants' cigarettes were still defective. *See id.* at 55. The memoranda that the parties submitted to the district court at that time left no doubt but that this alternative theory represented an attempt to balance product risk against product utility—what we subsequently called "the risk/utility interface." *Kotler III*, 926 F.2d at 1224 (excess capitalization omitted).

With this background in mind, it is virtually impossible to read plaintiff's notice of appeal as manifesting anything but an intent to appeal from the whole of the November, 1989 order. Paragraphs (1) and (2) target the grant of summary judgment in favor of PMI and Liggett, respectively, on the ground that plaintiff's evidence was insufficient to prove adulteration; paragraph (3) targets the district court's issuance of a protective order; and paragraph (4) targets the court's rejection of other "theories of defective product," that is, "risk utility and/or consumer expecta-

tion." After all, Judge Skinner rejected, explicitly and by name, the risk utility theory in his January, 1990 decision granting ATC summary judgment on plaintiff's design defect claims, *see Kotler II*, 731 F.Supp. at 52–53; and, moreover, reasonable consumer expectations comprised the focal point of plaintiff's state-law design defect claims. *See Kotler I*, 685 F.Supp. at 19. On this basis, we think it is perfectly plain that the fourth paragraph of plaintiff's notice of appeal did not draw attention to the May, 1988 order.

Third, and finally, we find entirely unpersuasive plaintiff's argument that the trial judge's passing allusion to the prior preemption decision in the November, 1989 order sufficiently incorporated the earlier order into the later order to the extent that a notice to appeal the 1989 order constituted, at the same time, notification that plaintiff was appealing the preemption decision.

■ In sum, plaintiff's notice of appeal does not mention the May, 1988 order, and nothing else within the record's perimeter adequately manifests an intent to preserve the preemption ruling for appellate review. In the absence of either a properly targeted notice of appeal or the functional equivalent thereof, we lack jurisdiction over plaintiff's present claim that the district court erred in assessing the Labeling Act's preemptory effects.

## IV. THE BREACH OF WARRANTY ISSUE

We next consider whether this court can and should revisit its prior affirmance of a judgment for ATC on the state-law breach of warranty count. Plaintiff's position is that we should dredge up the warranty issue despite the narrow language of the Supreme Court's remand order (remanding "*for further consideration in light of Cipollone*," a case unrelated to any issue of state law). Because the Court's order had the effect of vacating our earlier mandate,

---

**4.** We emphasize that the design defect claims are distinct from the failure to warn and negligent misrepresentation claims which were the object of the May, 1988 order. *See, e.g., Kotler*

*I*, 685 F.Supp. at 19 (recognizing that, under state law, plaintiff's "claims for defective design [are] independent of [her] claims for failure to warn").

Kotler asseverates, we are now at liberty to reconsider even issues unrelated to those delineated in the remand order.

■ The general rule is that, when the Supreme Court remands in a civil case, the court of appeals should confine its ensuing inquiry to matters coming within the specified scope of the remand. *See Escalera v. Coombe*, 852 F.2d 45, 47 (2d Cir.1988) ("Any reconsideration at this juncture of our earlier opinion [granting petitioner's writ of habeas corpus] must be limited to the scope of the Supreme Court's remand."); *Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir.1986) (limiting review to the scope of the remand), *cert. denied*, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987); *Hermann v. Brownell*, 274 F.2d 842, 843 (9th Cir.) (declaring that the appellate court's jurisdiction "is rigidly limited to those points, and those points only, specifically consigned to our consideration by the Supreme Court"), *cert. denied*, 364 U.S. 821, 81 S.Ct. 56, 5 L.Ed.2d 50 (1960). This rule is grounded on sound prudential considerations. Repose is important in the law and, consequently, there must be an end to litigation.

■ To be sure, there are exceptions to the rule. Thus, we agree with Kotler that, when the Supreme Court vacates an entire judgment, an appellate court, on remand, has the naked power to reexamine an issue that lies beyond the circumference of the Supreme Court's specific order. *See Moore v. Zant*, 885 F.2d 1497, 1502–03 (11th Cir.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990); *Hill v. Black*, 920 F.2d 249, 250 (5th Cir.1990), *modified on other grounds*, 932 F.2d 369 (5th Cir.1991); *but cf. Escalera*, 852 F.2d at 47 (refusing to relax general rule in favor of habeas petitioner). This power is to be exercised sparingly and only when its invocation is necessary to avoid extreme injustice. *Cf. Eubank Heights Apartments, Ltd. v. Lebow*, 669 F.2d 20, 23 (1st Cir.1982) (stating, in connection with what was in effect an untimely petition for rehearing

under Fed.R.App.P. 40, that "reopening an issued opinion" would require "a showing of injustice of major proportions—not mere arguable error"). Habeas cases like *Moore* and *Hill* often present compelling scenarios for invoking the long-odds exception to the general rule and lowering conventional barriers to further review. In the context of traditional civil litigation, however, even those circuits that have exhibited uncommon liberality in habeas cases are careful to operate within the confines of the Supreme Court's mandate. *See, e.g., United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1563 (11th Cir.1992) (refusing to interpret Supreme Court order vacating an entire judgment, but for a specific purpose, as entitling the appellant to a new trial on all issues); *Aladdin's Castle, Inc. v. City of Mesquite*, 713 F.2d 137, 138–39 (5th Cir. 1983) (vacating a prior decision that strayed outside the scope of the Supreme Court's remand order).

■ Nothing in this case compels us to depart from the accepted norm. This is a civil case, pure and simple. The plaintiff has had her full day in court. Allowing our previous decision to stand does not appear to work a gross injustice. To the contrary, reopening the breach of warranty issue on the basis of the fortuitously timed *Simmons* dictum would set an unfortunate precedent—especially when the Supreme Court's specific directive tells us to review only a preemption issue that in no way affects ATC.

In the absence of truly egregious error or some other extraordinary circumstance, the Supreme Court's mandate is "our compass and our guide." *Hermann*, 274 F.2d at 843. The situation here is unremarkable and counsels strict adherence to the scope of the Court's remand order. Hence, we decline to revisit the breach of warranty count. In our view, a decision gratuitously to reopen this issue, like any decision belatedly to reopen a judgment that is arguably in error,[5] would deprive the defendants of their rightful sense of repose and frustrate

---

5. We take no view of whether the *Simmons* dictum, had it been available earlier, might (or might not) have made an outcome-determina-tive difference in regard to our affirmance of the directed verdict on the breach of warranty count.

**14**

the judicial system's core principles of finality and efficiency. *Accord Robinson v. Ariyoshi*, 854 F.2d 1189, 1190 (9th Cir. 1988) (rejecting the proposition that a Supreme Court order remanding for consideration in light of a designated case "reopens the whole case for reconsideration of all issues that have arguably been changed by state law in the interim").

## V. CONCLUSION

We need go no further. We lack appellate jurisdiction to review the district court's May, 1988 order anent preemption. And, because we are constrained by the narrowly circumscribed scope of the Court's remand order, we will not revisit the previously decided state-law breach of warranty issue.

*The judgment of this court is reissued and mandate is to issue forthwith.*

### APPENDIX

### NOTICE OF APPEAL

Notice is hereby given that the Plaintiff, Joanne Kotler, Individually and as Administratrix of the Estate of George P. Kotler, hereby appeals to the United States Court of Appeals for the First Circuit from the following:

1) decision of Judge Skinner of November 21, 1989 granting the Motion of the Defendant, Philip Morris for Summary Judgment, from which judgment entered on March 26, 1990;

2) decision of Judge Skinner on November 21, 1989 granting the Motion of the Defendant, Liggett Group, Inc. for Summary Judgment, from which judgment entered on March 26, 1990;

3) limitation of discovery as to Philip Morris and Liggett Group, Inc.; and

4) preclusion of the many theories of defective product, risk utility and/or consumer expectation as to Philip Morris and Liggett.