USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1208 EARL BRAXTON, Plaintiff, Appellant, v. CITY OF PROVIDENCE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Earl Braxton on brief pro se. ____________ Kevin F. McHugh, Assistant City Solicitor, City of Providence, ________________ Law Dept., on brief for appellee City of Providence. Michael J. Colucci and Olenn & Penza on brief for appellees ___________________ _______________ Flynn, McKnight, Fitzpatrick, Coughlin, Clements and Lee. ____________________ November 19, 1996 ____________________ Per Curiam. Plaintiff, Earl Braxton, appeals the grant __________ of summary judgment in favor of the defendants, the City of Providence, Rhode Island, and six City police officers. We have carefully reviewed the parties' briefs and the record on appeal. We affirm the district court's judgment in favor of the defendants, essentially for the reasons stated in the magistrate-judge's Report and Recommendation, dated December 13, 1995, and, with respect to Braxton's request for return of the automobile, for the reason stated by the district court at the hearing held on January 16, 1996, see tr. pp. ___ 17-19.1 1 We have considered all of Braxton's arguments and find none with merit. We see no need to address each separately. We note only the following.  ____________________ 1Braxton also purports to be appealing a prior district 1 court order approving an August 15, 1995 Report and Recommendation of the magistrate, that recommended dismissal of defendant State of Rhode Island on the ground that the State is not a person within the meaning of 42 U.S.C. 1983. However, we note that Braxton's notice of appeal, filed on February 6, 1996, made specific reference only to appealing the December 13, 1995 Report and Recommendation and the district court's acceptance of it. Reference to a particular ruling denotes an intention not to appeal other non- referenced rulings. See, e.g., Kotler v. American Tobacco __________ ______ ________________ Co., 981 F.2d 7, 11 (1st Cir. 1992). Moreover, Braxton did ___ not serve a copy of this notice of appeal or his opening brief on the State. Arguably, therefore, Braxton has waived any appellate arguments regarding the earlier dismissal of the State of Rhode Island. In any event, the dismissal of the State of Rhode Island was correct for reasons stated by the magistrate. See Will ___ ____ v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ________________________________ (holding that a state is not a person under 1983). -2- Although Braxton is correct in contending that, absent party agreement (which did not occur here), a magistrate does not have the authority to hear and determine a motion for _____________ summary judgment, 28 U.S.C. 636(b)(1)(A), that contention has no relevance here. The magistrate did not determine the ___ motions for summary judgment; rather, pursuant to 28 U.S.C.  636(b)(1)(B), the magistrate submitted his report and recommendation on these motions, which were reviewed and finally determined by the district court. Braxton has filed two post-briefing motions with this court requesting leave to supplement the record with material not presented to the district court. These motions are denied. This court reviews an appeal based on the record below which encompasses "[t]he original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed. R. App. P. 10(a). In any event, nothing contained in these two motions and their attachments would change our disposition of this appeal. The motions to supplement the record are denied. _______ The judgment of the district court is affirmed. _________ -3- -4-