**In re Philip MANS, Debtor.**

**William & Norrine FIELD, Plaintiffs,**

**v.**

**Philip MANS, Defendant.**

**Bankruptcy No. 90–12385.**
**Adv. No. 91–1194.**

United States Bankruptcy Court,
D. New Hampshire.

Dec. 18, 1996.

Christopher J. Seufert, Franklin, NH, for Plaintiffs.

W.E. Whittington, IV, Brooks McNally Whittington Platto & Vitt, Norwich, VT, for Defendant.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

On September 13, 1996, Philip Mans ("Debtor") filed a motion seeking to alter or amend the judgment entered by this Court on September 6, 1996, declaring nondischargeable a debt owed to William & Norrine Field ("Plaintiffs").

This case was tried by Bankruptcy Judge James Yacos on May 11, 1993, upon Plaintiffs' complaint to determine dischargeability of a debt pursuant to § 523(a)(2)(A) of the Bankruptcy Code.[1] Judge Yacos declared the debt dischargeable after finding that

Plaintiffs had not reasonably relied on Debtor's false representation. The only issue on appeal was whether reasonable reliance was the appropriate legal standard. Both the District Court and the Circuit Court of Appeals for the First Circuit affirmed. Plaintiffs then appealed to the Supreme Court which, upon holding that the correct standard of reliance is justifiable, not reasonable, reliance, vacated the judgment and "remand[ed] the case for proceedings consistent with this opinion." *Field v. Mans,* ⸺ U.S. ⸺, ⸺, 116 S.Ct. 437, 447, 133 L.Ed.2d 351 (1995).

In accordance with the remand mandate, I declared the debt nondischargeable after finding that Plaintiffs had satisfied the less demanding standard of justifiable reliance. In the present motion, Debtor asserts that there has been no finding by any court that there was a debt or extension of credit "obtained by" the fraud. Debtor further contends that Plaintiffs' forbearance from accelerating the note did not constitute an extension of credit within the meaning of § 523(a)(2)(A) and that Plaintiffs have not proven the causation element of § 523(a)(2)(A).

■ Plaintiffs argue that the motion is procedurally barred because Judge Yacos did make a finding after trial that the fraud resulted in an extension of credit by Plaintiffs. Debtor did not, before now, appeal that finding to any court. Plaintiffs rely on the doctrine of the law of the case to support their argument. I agree with Plaintiffs that Judge Yacos specifically found that Debtor's misrepresentation resulted in an extension of credit:

[T]o the extent that the reliance and detriment elements are required here, it's obvious to me that [the Fields] in their own minds did rely on these representations

---

1. Section 523 of the Bankruptcy Code provides in relevant part:

 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

 . . . . .

 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

 11 U.S.C. § 523(a)(2)(A).

subjectively and didn't do anything further and that *in effect they extended the credit to Mr. Mans for another few years, ...* whereas they could have called the due on sale clause as of October 1987 ... when the deed was recorded.

Trial Tr. at 81 (emphasis added). Although Debtor did not appeal this finding, he argued the issue before the Supreme Court.

 I agree with Plaintiffs that the doctrine of the law of the case forecloses my review of the prior ruling. "The law of the case doctrine provides that a decision on an issue of law made at one stage of the case governs the issue during subsequent stages of the litigation except in unusual circumstances." *Stark v. Advanced Magnetics, Inc.,* 894 F.Supp. 555, 557 (D.Mass.1995) and cases cited therein. The mandate rule requires a court to confine its inquiry "to matters coming within the specified scope of the remand." *Kotler v. American Tobacco Co.,* 981 F.2d 7, 13 (1st Cir.1992); *Stark,* 894 F.Supp. at 557. "The mandate constitutes the law of the case on such issues of law as were actually considered and decided by the appellate court, or as were necessarily inferred from the disposition on appeal." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.,* 41 F.3d 764, 770 (1st Cir.1994); 1B J. Moore et al., Moore's Federal Practice ¶ 0.404[10] at II–63 to II–68 (2d ed. 1996). "[W]hen the Supreme Court vacates an entire judgment [the court], on remand, has the naked power to reexamine an issue that lies beyond the circumferences of the Supreme Court's specific order ... [but] [t]his power is to be exercised sparingly and only when its invocation is necessary to avoid extreme injustice." *Kotler,* 981 F.2d at 13 (citations omitted).

In his brief to the Supreme Court, Debtor presented the issue of whether there had been a debt or extension of credit obtained by the fraud as required by § 523(a)(2)(A). The Supreme Court had the opportunity to address the issue and affirm the lower courts' decisions on that basis but chose instead to remand on the reliance issue. The necessary inference to be drawn is that the Supreme Court agreed with Judge Yacos's finding. Justice Ginsburg, in a concurring

opinion not joined by any other member of the Court, suggested that the "causation issue [was] still open for determination on remand: Was the debt in question, as the statute expressly requires, 'obtained by' the alleged fraud?" *Field,* —— U.S. at ——, 116 S.Ct. at 447 (Ginsburg, J., concurring). However, that suggestion was not a part of the majority opinion nor of the remand mandate. Therefore, I may only revisit the issue to avoid extreme injustice.

 Upon remand, the parties consented to a decision by me on the reliance issue based upon the record as it existed at that time. I agreed then, and agree now, with the findings made by Judge Yacos. Moreover, I cannot find anything in the record to suggest extreme injustice warranting a review of this matter. However, if I were to find that the issue had not been decided and that the doctrine of the law of the case did not apply, and if I were to find extreme injustice, which I do not, I would still be satisfied that Judge Yacos made the necessary findings and would uphold those findings upon reconsideration for the following reasons.

There is conflict among courts as to whether forbearance constitutes an extension of credit within the meaning of § 523(a)(2)(A). *Compare In re Schmidt,* 70 B.R. 634, 644 (Bankr.N.D.Ind.1986); *In re Bacher,* 47 B.R. 825, 829 (Bankr.E.D.Pa.1985) (holding that forbearance does not constitute an extension of credit within the meaning of § 523(a)(2)(A)); *with In re Gerlach,* 897 F.2d 1048, 1050 (10th Cir.1990); *Chapman v. Frakes,* 1991 WL 247602 at *4 (N.D.Ill.1991); *Takeuchi Mfg. (U.S.), Ltd. v. Fields (In re Fields),* 44 B.R. 322, 329 (Bankr.S.D.Fla. 1984) (holding that forbearance does constitute an extension of credit within the meaning of § 523(a)(2)(A)).

Under the facts of this case, the better view is that a creditor "who is deceived into forbearing from collection without being given an opportunity to grant or deny the extension of credit" is protected by § 523(a)(2)(A). *Fields,* 44 B.R. at 329; *In re Gerlach,* 897 F.2d at 1050 (quoting *Fields* ); *Chapman,* 1991 WL 247602 at *4 ("Courts which have held that forbearance constitutes an exten-

sion of credit have ruled so based on circumstances ... where the forbearance was based on fraudulent information."). Debtor's conduct lulled Plaintiffs into a false sense of security which directly resulted in Plaintiffs' involuntary forbearance of a collection action at a time when they had an absolute right to accelerate the note. Plaintiffs' failure to act, a direct result of Debtor's misrepresentations, provided Debtor with an extension of credit obtained by false representations.

Debtor's motion is DENIED. The foregoing represents findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. An appropriate order shall enter.