# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60442
Summary Calendar

JEAN VOLGLY CARSON REMY

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 849 270

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jean Volgly Carson Remy, a native and citizen of Haiti, petitions for review of the orders of the Board of Immigration Appeals (BIA) denying his motions to reopen or reconsider his removal proceedings.[1] Remy was deemed removable based on his 2001 "aggravated felony" assault conviction in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Remy has filed petitions for review from both the BIA's May 5, 2006 decision denying his motion to reopen his removal proceedings and the BIA's July 25, 2006 decision denying his motion to reconsider the May 5, 2006 decision.

Massachusetts, under MASS. GEN. LAWS ch. 265, § 13A. See 8 U.S.C. § 1227(a)(2)(A)(iii). In his motions to reopen, Remy contended that he is entitled to another review of whether his prior conviction qualifies as an "aggravated felony" under Leocal v. Ashcroft, 543 U.S. 1 (2004), and Shepard v. United States, 544 U.S. 13 (2005), which allegedly constituted intervening changes in the law. Remy also argued that changed country conditions in Haiti—the ousting of Jean-Bertrand Aristide's government in 2004—warranted reopening of his proceedings.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). Motions to reopen removal proceedings are "disfavored," and "the moving party bears a heavy burden." Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted). Nonetheless, "a denial based on an error of law constitutes an abuse of discretion, and [we] review the BIA's resolution of questions of law de novo." Larin-Ulloa v. Gonzales, 462 F.3d 456, 461 (5th Cir. 2006) (citations omitted).

The BIA did not abuse its discretion in denying Remy's motions to reopen.[2] Remy's primary contention is that the "assault and beat" language from the charging instrument to which he pleaded guilty in Massachusetts was insufficient by itself to show that the conviction was for a "crime of violence" so as to qualify as an "aggravated felony." The courts of appeals that have addressed such an argument differ as to whether it is correct. Cf. United States v. Jones, 235 F.3d 342, 347 (7th Cir. 2000), and United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005). Moreover, contrary to Remy's contention, Leocal and Shepard have not changed this analysis, but instead have reinforced the

---

[2] The Attorney General's contention that Remy's current argument is res judicata is unavailing because Remy's prior petitions for review were dismissed for lack of jurisdiction, rather than "on the merits." See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000); Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 562 (5th Cir. 1983).

"categorical approach" established in Taylor v. United States, 495 U.S. 575 (1990). Remy has not established that the BIA abused its discretion in denying his motion to reopen on the ground that intervening changes in the law have altered the conclusion that his Massachusetts assault conviction qualified as an aggravated felony. See Zhao, 404 F.3d at 303. Similarly, even if we assume arguendo that we have jurisdiction to review the BIA's factual determination regarding changed country conditions, Remy has not made a prima facie case that the change in government in Haiti subjects him to a well-founded fear of future prosecution. See INS v. Abudu, 485 U.S. 94, 104 (1988).

Remy has abandoned any challenge to the order denying his motion to reconsider. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Remy's petition for review is DENIED.