NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 16-3784

—————

JO A. YOCHUM,

Appellant

v.

FJW INVESTMENT, INC., trading and doing business as
Bath Fitter of Pittsburgh; PARTNERS THROUGH PEOPLE, INC.;
FRANK J. WIKOWSKI; SAMUEL J. LUCCI, III; MARIBETH LUCCI

—————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No.:  2-11-cv-00378)
District Judge:  Honorable David S. Cercone

—————

Submitted under Third Circuit LAR 34.1(a)
on September 12, 2017

(Opinion filed: October 30, 2017)

Before:  VANASKIE, RENDELL, and FISHER, Circuit Judges

—————

O P I N I O N*

—————

**RENDELL**, Circuit Judge:

—————

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This appeal arises from Plaintiff Jo A. Yochum ("Yochum")'s Title VII religious discrimination suit against FJW Investment, Inc., d/b/a Bath Fitter of Pittsburgh ("FJW"), its owners Samuel J. Lucci III and Maribeth A. Lucci ("the Luccis"), Frank J. Witkowski, and Partners Through People, Inc. ("PTP").[1] Yochum challenges several of the District Court's orders: specifically, its order of September 18, 2014 denying plaintiff's motion for leave to file a second amended complaint, its September 2, 2016 trifurcation order, its September 14, 2016 order entering final judgment in favor of defendants FJW and against Yochum on the jury's verdict, and its order from the same day entering final Rule 58 judgment in Defendants' favor.[2] For the reasons that follow, we will affirm.

## I. Background[3]

Yochum worked as a sales representative for FJW. She contends that during the course of her employment, she was subjected to religious discrimination in the form of a hostile work environment. She also avers that FJW terminated or constructively discharged her when she refused to follow its managers' religious beliefs. According to Yochum, FJW required her to participate in "training sessions" that were in reality proselytizing sessions run by PTP, with whom FJW contracted.

---

[1] We will refer to FJW, the Luccis, and PTP collectively as "Defendants."
[2] By Order dated March 31, 2016, the District Court granted the summary judgment motions filed on behalf of the Luccis, PTP, and Witkowski, and the case proceeded against only FJW.
[3] Because we write solely for the parties' benefit, we confine our discussion to the facts salient to this appeal.

In her lawsuit, instituted in 2011, Yochum advanced claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and its state law analogue, the Pennsylvania Human Relations Act (PHRA), against FJW, PTP, Witkowski, and the Luccis in their officer and director capacities. She then amended her complaint to withdraw her employment discrimination claims against PTP and proceed against PTP, Witkowski, and the Luccis solely on an aiding and abetting theory. After the parties participated in ADR and 23 months of discovery, and after Defendants had filed their pretrial statement and motion for summary judgment, Yochum moved to file a Second Amended Complaint, seeking to re-assert a Title VII claim against PTP, arguing that it was her employer. On September 18, 2014, the District Court issued a Memorandum Order denying this motion.

In preparation for trial, both parties filed motions *in limine*. As relevant to this appeal, FJW filed a motion to preclude Yochum from introducing evidence of the Internal Revenue Service's determination that Yochum was an employee from 2004 to 2007, and another motion to preclude evidence of Unemployment Compensation Proceedings and/or Determinations regarding Yochum's employment status. Yochum did not oppose the motion regarding the IRS evidence, but, rather, told the District Court that she had no intention of introducing such evidence, but wanted to reserve the right "to use such evidence as rebuttal, if appropriate." A. 644. She did, however, oppose the motion to exclude the Unemployment Compensation Determination. The District Court granted both motions, stating that admitting such findings would be "unduly prejudicial, would cause jury confusion, and would create a significant risk that the jury will place

3

undue weight on the findings in lieu of making their own credibility determinations and substantive assessments." A. 645–46.

As trial approached, on September 2, 2016, the District Court issued an order trifurcating the case, with the first phase to be tried as to whether Yochum was an employee or an independent contractor for Title VII purposes. No party objected to the trifurcation order.

At the conclusion of this first phase of the trial, the jury entered a verdict in favor of FJW, finding that Yochum was an independent contractor. Then, the Court entered judgment in favor of FJW on all remaining claims in the case and issued final judgment in favor of FJW. Yochum did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50, nor did she move for a new trial under Rule 59. This appeal followed.

## II. Discussion [4]

Yochum advances five main arguments on appeal: (1) that the District Court erred in denying her motion for leave to file a second amended complaint adding PTP to her employment discrimination claim against FJW; (2) that the District Court erred in excluding evidence that the Unemployment Compensation Board determined she was an employee; (3) that the District Court erred in excluding evidence that the IRS determined Yochum was an employee from 2004 to 2007; (4) that the District Court's decision to

---

[4] The District Court had jurisdiction over this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

trifurcate the trial prejudiced Yochum; and (5) that there was insufficient evidence to support the jury's finding that Yochum was an independent contractor. For the following reasons, we find these arguments either unpersuasive or procedurally waived.

### A. The District Court's denial of leave to amend

Under Federal Rule of Civil Procedure 15, regarding amendments that are not as a matter of course, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's liberal provisions ensure that a pleading error will not preclude relief on the merits. *Arthur v. Maersk, Inc.* 434 F.3d 196, 202 (3d Cir. 2006). However, the District Court may deny leave on account of undue delay, bad faith, prejudice to the opposing party, or futility. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). In this analysis, the "touchstone" is prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). We review a District Court's denial of leave to amend for abuse of discretion. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013).

Here, the District Court did not abuse its discretion in denying Yochum leave to amend. We have little, if anything, to add to its careful analysis on this point. In its denial, the District Court properly concluded that the motion's delay was undue and granting it would cause "substantial" prejudice to FJW and PTP. First, Defendants would have to "reopen discovery and re-develop the record on the new theory of liability," "revisit their pretrial narrative statements and . . . re-file dispositive motions based on the revised effort." A. 512. And when the parties conducted depositions and exchanged

5

written discovery, the only theories of liability against PTP were or conspiracy and aiding and abetting FJW, not whether PTP was Yochum's "employer" for Title VII purposes. Second, Yochum knew the basic facts supporting her employment discrimination theory, but chose to withdraw that theory when she first amended her complaint and did not re-assert it until after she was required to respond to Defendants' motions for summary judgment on the theory of liability she did pursue.

Yochum nonetheless urges that there would be no prejudice because, *inter alia*, the guiding factors for determining liability based on a common enterprise theory are supposedly similar to the joint employer theory. But as the District Court noted, the two tests use different factors to determine separate inquiries. Allowing Yochum's untimely motion for leave to amend by re-inserting PTP would prejudice Defendants and burden the trial court. Thus, we find no abuse of discretion under these circumstances.

## B. The District Court's grant of FJW's motions to preclude evidence of Unemployment Compensation proceedings

Next, Yochum contends that the District Court should not have excluded evidence of the Unemployment Compensation Board's proceedings and determination with regard to her employment status. We review the District Court's rulings on the admissibility of evidence for abuse of discretion. *Moyer v. United Dominion Indus.*, 473 F.3d 532, 542 (3d Cir. 2007). We will not find an abuse of discretion absent a showing that the District Court's decision was "arbitrary, fanciful or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 412 (3d Cir. 2002) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984)). Yochum has made no such showing.

6

The District Court properly excluded the Unemployment Compensation proceedings under Federal Rule of Evidence 403 because the evidence would unnecessarily confuse the jury and risk inviting them to place more weight on the agency's findings than on their own. This conclusion is far from arbitrary or fanciful.

In the alternative, for the first time on appeal, Yochum argues that the Unemployment Compensation Bureau's determination should be given preclusive effect on her Title VII claims. But this argument arrives too late. "Generally, failure to raise an issue in the District Court results in its waiver on appeal." *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006). Nor will we exercise our discretion to address waived issues. *See Webb v. City of Phila.*, 562 F.3d 256, 263–64 (3d Cir. 2009). The evidence was properly excluded.

## C. The District Court's grant of FJW's motions to preclude evidence of the IRS's determinations

Also, Yochum urges this Court to overturn the District Court's decision to exclude the IRS determination letter stating she was an employee from 2004–2007. But here, too, Yochum failed to properly contest the exclusion at the appropriate time. In her response to FJW's motion *in limine*, Yochum explicitly told the District Court that she did not "intend to introduce into evidence any of the three IRS determinations at trial." A. 644. She did reserve the right to use the letter "as rebuttal, if appropriate." *Id.* But at trial, she did not attempt to make such a rebuttal or otherwise ask the District Court to reconsider its previous ruling excluding the IRS determination. Having failed to properly object, she has waived the right to challenge it before us. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d

7

107, 116 (3d Cir. 1992) ("It is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal.").

## D. The District Court's trifurcation order

Additionally, Yochum challenges the District Court's decision to "trifurcate" the trial pursuant to Fed. R. Civ. P. 42(b) and to try the issue of whether she was an independent contractor or an employee separately from her Title VII claims. Again, we need not reach the merits of Yochum's claim because she failed to object to the trifurcation order and therefore waived the issue on appeal. *See Fleck*, 981 F.2d at 116.

## E. The weight of the evidence

Finally, Yochum asks us to overturn the jury verdict because it was against the weight of the evidence. Like her other waived claims, we will not address the merits because she failed to follow the proper procedure to challenge the judgment for insufficiency of the evidence. A party wishing to urge a new trial on appeal must make a Rule 50 motion in the district court before the case is submitted to the jury. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006). In the alternative, it may move for a new trial pursuant to Rule 59. Absent an appropriate post-verdict motion, a party seeking judgment in its favor based on the insufficiency of the evidence must file for judgment as a matter of law before the case is submitted to a jury and after the jury returns a verdict. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364 (3d Cir. 1999) ("It is well settled that a party who does not file a Rule 50 motion for judgment as a matter of law at the end of the evidence is not thereafter entitled to have judgment entered in its favor notwithstanding an adverse verdict on the ground that there is insufficient

8

evidence to support the verdict.").  But here, Yochum made no Rule 50 or 59 motions.

She is therefore foreclosed from challenging the sufficiency of the evidence on appeal.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's orders.